# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 03-1671

Byron S. Cox, Appellant,

v.

R. James Nicholson,
Secretary of Veterans Affairs, Appellee.

On Appeal from the Board of Veterans' Appeals

(Decided    January 19, 2007    )

*Sean A. Ravin*, of Washington, D.C., for the appellant.

*Tim S. McClain,* General Counsel; *R. Randall Campbell*, Assistant General Counsel; *Edward V. Cassidy, Jr.*, Deputy Assistant General Counsel; and *Mitchell I. Feld*, all of Washington, D.C., for the appellee.

Before GREENE, *Chief Judge*, and DAVIS and SCHOELEN, *Judges*.

DAVIS, *Judge*:  The appellant, Byron S. Cox, through counsel, appeals a June 16, 2003, Board of Veterans' Appeals (Board or BVA) decision that granted a 40% initial disability rating for his service-connected low-back strain, denied referral of the low-back claim for extraschedular consideration, denied entitlement to service connection for an abdominal disorder, and referred an informal claim for a total disability rating based on individual unemployability (TDIU) to a VA regional office (RO) for clarification and action.  Mr. Cox made several assertions of error in the Board decision; panel consideration is required to determine the issue of whether the Secretary's duty to assist under 38 U.S.C. § 5103A requires that physicians, rather than nurses or other healthcare professionals, conduct any necessary medical examinations.  For the reasons provided herein, the Court will deny Mr. Cox's motion for oral argument and set aside and remand that part of the June 2003 Board decision that denied service connection for an abdominal condition and denied referral

of the low-back claim for extraschedular consideration. The Board decision will otherwise be affirmed.

## I. BACKGROUND

Mr. Cox served on active duty in the U.S. Army from July 1988 to August 1995. In September 1995, he sought VA service connection for a low-back disability and for abdominal pain. He submitted a second application for VA benefits in September 1996. In October 1996, the Waco, Texas, RO granted service connection for his low-back condition and assigned a noncompensable rating based upon "slight subjective symptoms," effective September 1996. The RO denied service connection for abdominal pain. In April 1997, Mr. Cox filed a Notice of Disagreement.

In January 1998, he underwent a VA abdominal and spinal medical examination. The examiner, Pat Roach, noted that the medical records were not available for review, and, as to Mr. Cox's abdominal disorder, diagnosed him as having "[c]hronic constipation with flatulence." Record (R.) at 232. As to Mr. Cox's back disability, the examiner performed diagnostic and clinical tests, and opined that Mr. Cox had "Grade I retrolisthesis" with recurrent pain and muscle spasms. R. at 236. Additionally, the examiner observed that Mr. Cox's back pain "significantly limit[s] or fully restrict[s] his participation in sexual activity with his wife, his past hobbies of hiking, [his] out-of-town road travel, yard work[,] and mall shopping with family and friends." R. at 235. The examiner also noted that Mr. Cox had "usually been unemployed" since his military discharge. *Id.* In September 1998, the RO increased Mr. Cox's initial rating to 10% for his back disability due to pain and its effect on motion.

In June 2001, Mr. Cox again underwent a VA medical examination for his back and abdominal conditions. The examination was conducted by a registered nurse practitioner, Mary Wait. Ms. Wait reviewed Mr. Cox's claims file, performed diagnostic and clinical tests, and provided diagnoses concerning his conditions. In October 2001, the RO increased to 20% Mr. Cox's rating for his back, effective September 1996, but again denied service connection for his abdominal condition. A December 2001 letter from VA to Mr. Cox attached that rating decision and informed him about the Veterans Claims Assistance Act of 2000 (VCAA), Pub. L. No. 106-475, 114 Stat. 2096. He appealed and argued that the June 2001 medical examination was inadequate and that he

was entitled to a higher rating for his service-connected back condition and service connection for his abdominal condition. In January 2002, Mr. Cox underwent another VA spine examination, conducted by a physician, Dr. Ely Bartal. Dr. Bartal reviewed Mr. Cox's claims file and medical history, ordered magnetic resonance imaging (MRI), which was interpreted by a physician, and as to Mr. Cox's back pain and radiculopathy, concluded that because there was "an absolutely normal x-ray and a normal MRI, I do not believe that this condition is related to service." R. at 398. The RO issued a Supplemental Statement of the Case (SSOC) in September 2002.

In the June 2003 decision here on appeal, the Board determined that Mr. Cox should be granted a 40% initial disability rating for his back, effective September 1996, but denied service connection for an abdominal disorder. The Board initially concluded that VA had provided Mr. Cox statutorily compliant VCAA notice. Specifically, the Board noted:

> The veteran was informed in an October 1996 letter and rating decision of the evidence needed to substantiate his claim, and he was provided an opportunity to submit such evidence. Moreover, in a May 1997 [S]tatement of the [C]ase [(SOC)] and [SSOCs] issued in September 1998 and September 2002, the RO notified the veteran of regulations pertinent to service connection and increased rating claims, informed him of the reasons why his claims had been denied, and provided him additional opportunities to present evidence and argument in support of his claims. In a December 2001 letter and September 2002 [SSOC], the veteran was informed of VA's duty to obtain evidence on his behalf.

R. at 4. Next, the Board determined that VA satisfied its duty to assist Mr. Cox by obtaining medical evidence and providing three VA examinations. The Board noted that "the veteran's work restrictions with respect to activities such as bending and repetitive lifting have been well documented," but determined that the evidence of record did not warrant a disability rating higher than 40% under 38 C.F.R. § 4.71a (2002), Diagnostic Code (DC) 5292 or DC 5293. R. at 9. The Board also found that there was no evidence of a current abdominal disorder for VA compensation purposes. Finally, as to an extraschedular rating, the Board determined:

> The veteran has not indicated, nor has he presented evidence to support the premise, that his low[-]back disability has resulted in marked interference with employment so as to render impracticable the application of the regular schedular standards. He asserted that he had missed approximately five days in a three[-]month period due to his back pain, and although he has provided more recent evidence that his current employer found him ineligible for full[-]time employment because of the restrictions

3

caused by his back disorder, such interference with employment has been considered in the regular schedular standards.

R. at 15. After also noting the lack of hospitalizations for his disorder, the Board concluded that there was no exceptional or unusual disability picture to warrant referral for consideration of an extraschedular rating.

## II. CONTENTIONS ON APPEAL

On appeal, Mr. Cox challenges the Board's decision on three bases. First, he asserts that VA breached its duty to assist under 38 U.S.C. § 5103A because it failed to provide an adequate medical examination; specifically, he contests the adequacy of examinations conducted by nurses rather than physicians and contends that the one medical examination conducted by a physician was incomplete. Next, he argues that, by not providing him with documents compliant with 38 U.S.C. § 5103(a), the Secretary failed to provide the notice required by the VCAA and the corresponding regulations and caselaw. Finally, Mr. Cox contends that the Board's statement of reasons or bases is inadequate because it does not identify the documents that provided VCAA notice, nor did it "explain it[]s finding that [Mr. Cox's] back disability did not interfere with his employment despite evidence that [he] was discharged from his employment due to the disability." Appellant's Brief (Br.) at 14-17.

In response, the Secretary argues that VA provided adequate medical examinations because this Court requires only that the medical opinion be conducted by "a health[]care professional." Secretary's Br. at 20-23. As to VCAA notice, the Secretary asserts that VA advised Mr. Cox of the evidence needed to substantiate his claims, but Mr. Cox never identified or submitted any additional records. Moreover, the Secretary contends that Mr. Cox failed to identify how he was harmed by any purported notice failure. Additionally, the Secretary argues that there was a plausible basis in the record for the Board's 40% disability rating for Mr. Cox's back disability as well as for its determination that there was no evidence of a current abdominal disorder. Finally, as to Mr. Cox's argument that the Board failed to consider the effect of his back condition on his employment, the Secretary argues that the Board properly determined that there was no exceptional or unusual disability picture warranting an extraschedular evaluation.

4

## III.  ANALYSIS

### A.  VA Examination

Mr. Cox argues that VA did not satisfy its duty to assist him because it did not provide him with an adequate medical examination conducted by a physician.  Section 5103A(a)(1) of title 38 of the U.S. Code provides that the Secretary "shall make reasonable efforts to assist a claimant in obtaining evidence necessary to substantiate the claimant's claim."  That duty includes "providing a medical examination or obtaining a medical opinion when such an examination or opinion is necessary to make a decision on the claim."  38 U.S.C. § 5103A(d)(1); *see McLendon v. Nicholson*, 20 Vet.App. 79 (2006).  Medical examinations require "emphasis on the limitation of activity imposed by the disabling condition," and "[e]ach disability must be considered from the point of view of the veteran working or seeking work."  38 C.F.R. §§ 4.1, 4.2 (2006).  Where the record does not adequately reveal the current state of the claimant's disability, the fulfillment of the duty to assist includes providing a thorough and contemporaneous medical examination that considers the claimant's prior medical examinations and treatment.  *See Floyd v. Brown*, 9 Vet.App. 88, 93 (1996); *Ardison v. Brown*, 6 Vet.App. 405, 407-08 (1994); *see also* 38 C.F.R. § 4.1 (stating that it is imperative that in a VA examination, the examiner evaluate the disability "in relation to its history").  Under VA regulations, if an examination report provided for the purposes of rating a service-connected disability does not contain sufficient detail, "it is incumbent upon the rating board to return the report as inadequate for evaluation purposes."  38 C.F.R. § 4.2; *see also Stegall v. West*, 11 Vet.App. 268, 270-71 (1998) (remanding where VA examination was "inadequate for evaluation purposes"); *Hicks v. Brown*, 8 Vet.App. 417, 422 (1995) (concluding that inadequate medical evaluation frustrates judicial review).

Here, Mr. Cox underwent VA medical examinations on three separate occasions–a back examination conducted by a physician in 2002, an abdominal and a back examination administered by a registered nurse practitioner in 2001, and an abdominal and back examination in 1998 by an examiner whose education, training, or experience is not ascertainable from the record.  Neither section 5103A nor the implementing regulations define the term "medical examination," and neither party cites any judicial decision interpreting this term.  The Secretary argues that the examinations were adequate because, among other things, this Court affords no greater deference to a physician

5

versus other healthcare professionals. Secretary's Br. at 22. We have never required, nor do we intend to do so here, that medical examinations under section 5103A only be conducted by physicians. *See*, *e.g.*, *Goss v. Brown*, 9 Vet.App. 109, 114 (1996) (recognizing that nurses' statements regarding nexus were sufficient to make a claim well grounded); *Williams v. Brown*, 4 Vet.App. 270, 273 (1993) (finding opinions of a VA registered nurse therapist competent medical testimony and requiring the Board to provide reasons or bases for finding those opinions unpersuasive).

Mr. Cox argues that VA regulation 38 C.F.R. § 3.159(a)(1) provides that "a nurse [practitioner] is not competent to provide 'competent medical evidence' in the form of a medical examination and medical diagnosis." Appellant's Br. at 13. That argument is not supported by the regulation. *See* 38 C.F.R. § 3.159(a)(1) (2006). Under that regulation, "competent medical evidence means evidence provided by a person who is qualified through education, training, or experience to offer medical diagnoses, statements, or opinions." *Id.* A registered nurse practitioner, such as the one who conducted Mr. Cox's June 2001 back and abdominal examinations, is one who, by definition, has "advanced education and clinical training in a specialized area of health[]care . . . [and] can diagnose, prescribe, and perform procedures." DORLAND'S ILLUSTRATED MEDICAL DICTIONARY 1294 (30th ed. 2003). A nurse practitioner, having completed medical education and training, thus fits squarely into the requirement of § 3.159(a)(1) as one competent to provide diagnoses, statements, or opinions. We hold that VA may satisfy its duty to assist by providing a medical examination conducted by one able to provide "competent medical evidence" under § 3.159(a)(1). Accordingly, VA satisfied its duty to assist when it provided a medical examination performed by one able to provide competent medical evidence–here, a nurse practitioner. That is not to say that all medical examinations conducted by healthcare providers are sufficient; the Board must review the examinations, and if incomplete or otherwise insufficient, the Board must return the reports to VA. *See* 38 C.F.R. § 4.2. The level of training, education, and experience of the person conducting the examination is a factor that, if the Board affords more or less weight to the report because of that reason, must be thoroughly explained in its decision. *See Caluza v. Brown*, 7 Vet.App. 498, 506 (1995), *aff'd per curiam*, 78 F.3d 604 (Fed. Cir. 1996) (table).

Mr. Cox also contends that Dr. Bartal's January 2002 examination report did not contain information as to Dr. Bartal's qualifications, left unanswered numerous questions on the physician's template, and opined as to service connection rather than the severity of Mr. Cox's already service-connected back disability. These arguments are unpersuasive. First, Mr. Cox does not assert that the examiner was not competent, but rather argues that VA did not establish his competence. However, the Board is entitled to assume the competence of a VA examiner. *See Hilkert v. West*, 12 Vet.App. 145, 151 (1999) ("[T]he Board implicitly accepted [the VA examiner's] competency by accepting and relying upon the conclusions in her opinion."), *aff'd*, 232 F.3d 908 (Fed. Cir. 2000). Further, the "appellant bears the burden of persuasion on appeals to this Court to show that such reliance was in error." *Id.*; *see also Butler v. Principi*, 244 F.3d 1337, 1340 (Fed. Cir. 2001) ("The [presumption of regularity] doctrine thus allows courts to presume that what appears regular is regular, the burden shifting to the attacker to show the contrary."). Mr. Cox has provided no evidence, nor can the Court discern any in the record, that would cast doubt on Dr. Bartal's competence and qualifications. Absent such argument or evidence, the Court finds no error in the Board's implicit presumption of competence.

Mr. Cox's argument as to the incompleteness of Dr. Bartal's examination is more persuasive, but is ultimately unavailing. A review of that examination report shows that Dr. Bartal did not address all the questions in the report template. Indeed, although service connection had already been established, he opined as to whether Mr. Cox's back disability was service connected; the question Dr. Bartal should have addressed was the level of disability. Nonetheless, the Board found that, based upon the totality of the medical evidence, "the medical evidence of record [was] adequate to rate the disability at issue" and that "[t]he examinations and diagnostic testing accomplished by multiple examiners in this case appear to be complete and comprehensive." R. at 10.

Review of the record that was before the Board reveals that the 2001 VA medical examination was thorough and that Nurse Wait recorded Mr. Cox's medical history, reviewed his claims file and medical records, and ordered and reviewed diagnostic and clinical tests. This examination report contained sufficient detail for rating Mr. Cox's medical conditions and was conducted by a healthcare professional who was competent under VA regulations to provide medical evidence. *See* 38 U.S.C. § 5103A; 38 C.F.R. §§ 4.1, 4.2. Having found that a registered nurse

practitioner's medical-examination diagnoses and medical opinions are acceptable medical evidence, we hold that VA's duty to assist was satisfied when a nurse practitioner conducted Mr. Cox's 2001 thorough medical examination. Therefore, although the January 1998 examination did not identify the examiner's qualifications, and the January 2002 examination was incomplete, we cannot conclude that the Board's determination that there was adequate medical evidence to rate the disability was erroneous.

## B. VCAA Notice

Upon receipt of a complete or substantially complete application for benefits, the Secretary is required to inform the claimant of the information and evidence not of record (1) that is necessary to substantiate the claim, (2) that the Secretary will seek to obtain, if any, and (3) that the claimant is expected to provide, if any. *See* 38 U.S.C. § 5103(a); *Quartuccio v. Principi*, 16 Vet.App. 183, 187 (2002); 38 C.F.R. § 3.159(b) (2006). The Secretary is also required to "request that the claimant provide any evidence in the claimant's possession that pertains to the claim." 38 C.F.R. § 3.159(b)(1); *see Pelegrini v. Principi*, 18 Vet.App. 112, 121 (2004). VA's regulations implementing section 5103(a) were made applicable to all cases pending before VA on or after November 9, 2000. *See* 38 C.F.R. § 3.159; *see also Dingess v. Nicholson*, 19 Vet.App. 473, 483 (2006).

The Court applies the "clearly erroneous" standard of review to the Board's factual determination that VCAA notice had been satisfied. *See* 38 U.S.C. § 7261(a)(4); *Prickett v. Nicholson*, 20 Vet.App. 370, 378-79 (2006). Under the "clearly erroneous" standard of review, the Court may only set aside a finding of material fact when, after reviewing the record as a whole, it is "left with the definite and firm conviction that a mistake has been committed." *Gilbert v. Derwinski*, 1 Vet.App. 49, 52 (1991) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). When applying this standard, "'[i]f the [Board's] account of the evidence is plausible in light of the record viewed in its entirety, the [Court] may not reverse it even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently.'" *Id.* (quoting *Anderson v. City of Bessemer City*, 470 U.S. 564, 573-74 (1985)).

8

## 1. Low-Back Claim

Concerning Mr. Cox's back condition, in October 1996, the RO granted service connection and assigned a noncompensable rating with an effective date of September 1996. "[O]nce a decision awarding service connection, a disability rating, and an effective date has been made, section 5103(a) notice has served its purpose, and its application is no longer required because the claim has already been substantiated." *Dingess*, 19 Vet.App. at 490. Because the claim was substantiated in 1996, before the enactment of the VCAA on November 9, 2000, VA was not required to provide section 5103(a) notice before the 1996 decision. *See id.*; *Pelegrini*, 18 Vet.App. at 121. Accordingly, the Board's determination that VA provided Mr. Cox notice compliant with section 5103(a) and § 3.159(b) as to his back disability was not error, because, at the time of the September 1996 decision, such notice was not required.

## 2. Abdominal-Disorder Claim

VA's duty to provide affirmative notification prior to the initial decision "is not satisfied by various post-decisional communications from which a claimant might have been able to infer what evidence the VA found lacking in the claimant's presentation." *Mayfield v. Nicholson*, 444 F.3d 1328, 1333 (Fed. Cir. 2006). Here, the Board determined that the notice and assistance requirements of the VCAA had been satisfied by an October 1996 letter and rating decision, a May 1997 SOC, a September 1998 SSOC, a December 2001 letter, and a September 2002 SSOC. This determination was erroneous because the Board may not rely on a combination of various predecisional and postdecisional communications to find section 5103(a) compliant notice. *See Mayfield*, 444 F.3d at 1334-35. Because the Board failed to identify any timely document that would satisfy the notice requirements, we will assume the notice error occurred as pled by Mr. Cox, and determine whether such error was prejudicial. *See Overton v. Nicholson,* 20 Vet.App. 427, 439 (2006); *see also* 38 U.S.C. § 7261(b)(2); *Conway v. Principi*, 353 F.3d 1369, 1374-75 (Fed. Cir. 2004).

Any error that renders a claimant without a meaningful opportunity to participate effectively in the processing of his or her claim is prejudicial because such an error would have affected the essential fairness of the adjudication. *See Overton*, *supra*; *Holliday v. Principi,* 14 Vet.App. 280, 289-90 (2001). Generally, an appellant "bears that burden of showing how any error is prejudicial or has effected the essential fairness of the adjudication." *Overton,* 20 Vet.App. at 435. Where a

9

claimant asserts that the Secretary has committed a first-element notice error, i.e., failure to advise a claimant regarding the information and evidence necessary to substantiate a claim, prejudice is presumed. *See id.* at 436 (noting that failure to provide first-element notice "preclude[es] a claimant from participating effectively in the processing of his or her claim, substantially defeating the very purpose of section 5103(a) notice"). The burden then shifts to the Secretary to demonstrate that there was no error or that the claimant was not prejudiced by any failure to give notice as to this element. *Id.*

Although he alleged section 5103(a) notice errors, Mr. Cox failed to allege that he was prejudiced by such errors. As to the second- and third-element notice errors, i.e., failure to advise a claimant of the evidence that the Secretary would seek to obtain and the evidence that the claimant would be expected to provide, his failure to assert prejudice would be fatal. However, despite those pleading deficiencies, VA's failure to provide first-element notice "has the natural effect of producing prejudice . . . . [and] the burden shifts to the Secretary to demonstrate that there was no error or that the appellant was not prejudiced by any failure to give notice as to this element." *Id.* The Secretary's argument regarding prejudice simply alleges that Mr. Cox bears the burden of alleging prejudice; the Secretary failed to assert how Mr. Cox was not prejudiced by the notice errors. Because of the foregoing, the Secretary failed to meet his burden. The Court finds that the presumption of prejudice was not rebutted and thus, Mr. Cox was prejudiced because he did not have a meaningful opportunity to participate in the processing of his claim. As a result, the Court will remand Mr. Cox's abdominal claim to the Board for compliance with the VCAA.

C. Reasons or Bases

Mr. Cox also argues that the Board did not consider the effect of his service-connected back disability on his employment. In rendering its decision, the Board is required to provide a written statement of the reasons or bases for its "findings and conclusions[] on all material issues of fact and law presented on the record." 38 U.S.C. § 7104(d)(1). The statement must be adequate to enable a claimant to understand the precise basis for the Board's decision, as well as to facilitate review in this Court. *See Gilbert*, 1 Vet.App. at 57. To comply with this requirement, the Board must analyze the credibility and probative value of the evidence, account for the evidence that it finds to be persuasive or unpersuasive, and provide the reasons for its rejection of any material evidence

favorable to the claimant. *See Caluza*, 7 Vet.App. at 506. The Board's failure to provide an adequate statement of its reasons or bases may constitute remandable error. *See Gilbert*, *supra*.

Although the Board acknowledged that Mr. Cox's employer found him unable to continue his full-time employment because of his back disability, the Board went on to conclude that such interference with employment is considered in the regular schedular standards and, thus, extraschedular consideration was not warranted. While this Court and the Board are constrained by the schedule of ratings included in chapter 38 of the Code of Federal Regulations, the regulations also contemplate "exceptional or unusual" circumstances that may require an extraschedular rating. 38 C.F.R. § 3.321(a)-(b) (2006). The regulations provide the following guidance:

> The governing norm in these exceptional cases is: A finding that the case presents such an exceptional or unusual disability picture with such related factors as marked interference with employment or frequent periods of hospitalization as to render impractical the application of the regular schedular standards.

38 C.F.R. § 3.321(b). Upon submission by a VA field office, the Under Secretary for Benefits or the director of the Compensation and Pension Service may assign an extraschedular rating. *Id*. Here, the Board acknowledged the marked interference with employment, but failed to reconcile its decision that Mr. Cox's disability picture was not exceptional with its referral of a possible TDIU claim to the RO for further clarification and action. The Board's failure to explain why the regular schedular standards apply exclusively when Mr. Cox may be considered totally disabled as a result of unemployability renders the decision not to refer the claim to the Under Secretary for Benefits or the director of Compensation and Pension Service insufficient to facilitate review in this Court and, thus, this matter must be remanded for readjudication and an adequate statement of reasons or bases. *See* 38 U.S.C. § 7104; *Gilbert*, *supra*.

On remand, in addition to ensuring VCAA compliance as to Mr. Cox's abdominal-disorder claim, the Board must explain why referral for extraschedular consideration is not appropriate. Mr. Cox will be free to submit additional evidence and argument on the claim, and the Board is required to consider any such evidence and argument. *See Kay v. Principi*, 16 Vet.App. 529, 534 (2002). A final decision by the Board following the remand herein ordered will constitute a new decision that, if adverse, may be appealed to this Court upon the filing of a new Notice of Appeal with the Court not

later than 120 days after the date on which notice of the Board's new final decision is mailed to the appellant. *See Marsh v. West*, 11 Vet.App. 468, 472 (1998).

## IV. CONCLUSION

Upon consideration of the foregoing, the Board's June 16, 2003, decision that denied service connection for an abdominal disorder and denied referral for extraschedular consideration for his service-connected back disability is SET ASIDE and those matters REMANDED, and the remainder of that decision is AFFIRMED. In addition, because the Court does not believe that oral argument would aid materially in the disposition of this appeal, Mr. Cox's motion for oral argument is denied. *See Constantino v. West*, 12 Vet.App. 517, 521 (1999).