Citation Nr: 1104833 
Decision Date: 02/07/11 Archive Date: 02/14/11

DOCKET NO. 08-30 365 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Petersburg, 
Florida

THE ISSUE

Entitlement to service connection for residuals of left 
transverse fracture of the L1 vertebra.

REPRESENTATION

Appellant represented by: The American Legion

WITNESS AT HEARING ON APPEAL

Appellant

ATTORNEY FOR THE BOARD

Robert E. P. Jones, Counsel

INTRODUCTION

The Veteran served on active duty from November 1965 until his 
retirement in January 1996. 

This matter is before the Board of Veterans' Appeals (Board) on 
appeal from an December 2006 rating decision by the Department of 
Veterans Affairs (VA) Regional Office (RO) in St. Petersburg, 
Florida. 

The Board notes that additional medical evidence received after 
issuance of an August 2008 statement of the case is not pertinent 
to whether or not the Veteran's current back disability is 
related to service and therefore remand of the Veteran's claim to 
the RO for further review and issuance of a supplemental 
statement of the case is not indicated.

FINDING OF FACT

The Veteran's current disabilities of the lumbar spine developed 
many years after discharge from service and are unrelated to 
service, including the in-service left transverse fracture of the 
L1 vertebra, which resolved without any residual disability.

CONCLUSION OF LAW

Residuals of left transverse fracture of the L1 vertebra were not 
incurred in or aggravated during the Veteran's active duty 
service. 38 U.S.C.A. §§ 1101, 1110, 1112, 1131, 1137 (West 
2002); 38 C.F.R. §§ 3.303, 3.307, 3.309 (2010).

REASONS AND BASES FOR FINDING AND CONCLUSION

As provided for by the Veterans Claims Assistance Act of 2000 
(VCAA), the United States Department of Veterans Affairs has a 
duty to notify and assist claimants in substantiating a claim for 
VA benefits. 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5107, 5126 
(West 2002 & Supp. 2010); 38 C.F.R. §§ 3.102, 3.156(a), 3.159, 
3.326(a) (2010).

In May 2006, prior to the rating decision on appeal, the RO sent 
a letter to the Veteran which advised him of the VCAA, including 
the types of evidence and/or information necessary to 
substantiate his claim and the relative duties upon himself and 
VA in developing his claim. Quartuccio v. Principi, 16 Vet. App. 
183 (2002). The May 2006 letter advised him of the bases for 
assigning ratings and effective dates if service connection is 
granted. See Dingess v. Nicholson, 19 Vet. App. 473 (2006).

As to the duty to assist, VA has associated with the claims 
folder the Veteran's service treatment records, VA medical 
records, and private medical records. The Veteran has been 
provided VA medical examinations. The Veteran has been provided 
a hearing before a Veterans Law Judge. The Veteran has not 
asserted, and the record does not indicate, that there are any 
additional pertinent records obtainable. The Veteran has been 
accorded ample opportunity to present evidence and argument in 
support of the appeal. 

In sum, the Board is satisfied that the originating agency 
properly processed the Veteran's claim after providing the 
required notice and that any procedural errors in the development 
and consideration of the claim by the originating agency were 
insignificant and non-prejudicial to the Veteran. See Bernard v. 
Brown, 4 Vet. App. 384 (1993).

Applicable law provides that service connection will be granted 
if it is shown that the Veteran suffers from disability resulting 
from an injury suffered or disease contracted in line of duty, or 
for aggravation of a preexisting injury suffered or disease 
contracted in line of duty, in the active military, naval, or air 
service. 38 U.S.C.A. §§ 1110, 1131; 38 C.F.R. § 3.303. That an 
injury or disease occurred in service alone is not enough; there 
must be chronic disability resulting from that injury. If there 
is no showing of a resulting chronic condition during service, 
then a showing of continuity of symptomatology after service is 
required to support a finding of chronicity. 38 C.F.R. § 
3.303(b). Service connection may also be granted for any injury 
or disease diagnosed after discharge, when all the evidence, 
including that pertinent to service, establishes that the disease 
or injury was incurred in service. 38 C.F.R. § 3.303(d).

Certain chronic disabilities, such as arthritis, are presumed to 
have been incurred in service if manifest to a compensable degree 
within one year of discharge from service. 38 U.S.C.A. §§ 1101, 
1112, 1137; 38 C.F.R. §§ 3.307, 3.309. 

The service medical records show that the Veteran injured his 
back in an auto accident in August 1971. He spent the night at a 
private hospital and the diagnosis was fracture of L1 transverse 
process secondary to road accident. The next day when he was 
seen by service medical personnel the diagnoses were acute low 
back strain and fracture left transverse process, L1 vertebra. 
It was noted that there were no neurologic deficits or evidence 
of hemorrhage. The Veteran was given a 4-T profile and returned 
to full duty. Later in August 1971 it was noted that the 
Veteran's back was much improved. The remaining service 
treatment records are silent to any complaints of back pain or 
any findings of back disability. In December 1987 the Veteran 
filled out a Report of Medical History. The Veteran identified a 
number of physical problems, including frequent headaches, eye 
trouble, and mouth trouble. He denied recurrent back pain. On 
examination in December 1987 the examiner noted that the Veteran 
had had a back injury in 1971 and that the Veteran was 
asymptomatic. On periodic examination in February 1994, there 
were no back complaints and the Veteran's spine was noted to be 
normal.

On VA examination in February 2006 the examiner found the Veteran 
to have mechanical low back pain and minor reactive changes of 
L4. She noted that there was no fracture residual. 

In June 2006 a VA physician stated that there was no objective 
evidence of fracture in the lumbar spine at this time. The VA 
physician noted that minor L4 spurring indicated L4 degenerative 
joint disease and she opined that the degenerative joint disease 
was unrelated to the Veteran's military injuries.

A January 2007 private medical record states that the Veteran 
experienced back pain since sustaining injuries in a motor 
vehicle accident in September 2006.

In April 2007 the Veteran's private physician reported that the 
Veteran had low back pain and lumbar spondylosis. The physician 
noted that he had had a lengthy discussion with the Veteran about 
the back injury that occurred during service in 1971. The 
Veteran felt that part of his discomfort was an aggravation of 
that injury. The physician stated that from the MRI results 
there are degenerative changes and spurring that would indicate 
that spondylosis had been present for quite some time. He then 
opined that there was definitely discomfort and additional damage 
caused by the recent auto accident but he thought that it was 
safe to agree with the Veteran that the discomfort was also in 
part an aggravation of the old in-service injury.

In an August 2007 letter, the Veteran's spouse stated that the 
Veteran had had back problems ever since a back injury in 
service.

The Veteran was provided another VA examination in October 2007. 
The examiner stated that she had extensively reviewed the 
Veteran's claims file. She noted that the Veteran was in a low 
impact MVA in 1971 which resulted in a lumbar strain with a right 
transverse process of L1 fracture. Additionally, the Veteran had 
another MVA in September 2006, after which he had chronic back 
pain. The VA physician opined that the in-service lumbar strain 
and L1 transverse process fracture resolved without residuals. 
She further stated that the Veteran's current back disability, 
lumbar degenerative disc and joint disease, was consistent with 
the Veteran's age and body habitus, and was aggravated by the MVA 
in 2006. She opined that the Veteran's current back disability 
was not caused or related to the Veteran's back injury during 
military service.

At a May 2010 hearing the Veteran testified that he had had back 
pain ever since the MVA in 1971. He stated that he did not 
report his back pain during the rest of his service because he 
wanted to make the Air Force his career and he was afraid that if 
he complained about his back pain he might separated due to 
medical issues. The Veteran asserted that the VA examiner that 
had opined against his claim had been a physician's assistant and 
he thought that her opinion was not valid because she was not a 
physician. 

With regard to the Veteran's assertion that any of the VA medical 
opinions are not valid due to the examiners' not being 
physicians, the Board notes that the author of the June 2006 and 
October 2007 VA opinions is a physician. Furthermore, while the 
February 2006 VA examiner was a physician's assistant, her 
findings are consistent with those made by the VA physician in 
June 2006 and October 2007. The Board finds that the VA 
physician's assistant was qualified to provide an examination and 
opinion regarding the Veteran's back disability. See Cox v. 
Nicholson, 20 Vet. App. 563 (2007).

The Board finds that the Veteran's assertions that he has had 
back pain ever since the 1971 MVA are not credible. As noted 
above, the contemporary service treatment records do not show 
that the Veteran had any residuals of the back injury after 
August 1971. With regards to the Veteran's testimony that he did 
not report his back pain because he was afraid for his military 
career, the Board points out that in December 1987 the Veteran 
reported that he had a number of disabilities that might impact 
continuation of his military career, but he did not mention any 
back problems. A December 1987 military examiner specifically 
stated that the Veteran's back had been asymptomatic since the 
MVA. Not only do the service treatment records show that the 
Veteran had no in-service back complaints after August 1971, but 
the record reveals no post service medical treatment for back 
complaints until the Veteran reinjured his back in the September 
2006 MVA. Based on the form filled out by the Veteran in 
December 1987 and on the contemporary medical evidence, the Board 
is unable to find the Veteran's assertions that he has experience 
back pain continuously since the August 1971 MVA to be credible. 
Although the Veteran is competent to report matters which a 
layperson may perceive, the Board finds his account is not 
credible when evaluated in light of the totality of the record. 
See Barr v. Nicholson, 21 Vet. App. 303, 308 (2007).

Although there is an April 2007 medical opinion in support of the 
Veteran's claim, the greater weight of the evidence indicates 
that the Veteran's in-service injury resolved with no residuals 
and the Veteran's current back disability is unrelated to 
service. There are three VA medical records, dated in February 
2006, June 2006, and October 2007 that all indicate that the 
Veteran has no residuals of the 1971 in-service MVA. Even an 
April 2007 private medical record from one of the Veteran's 
physicians only attributes the Veteran's current back disability 
to the post service MVA. Furthermore, the October 2007 VA 
examiner showed a detailed knowledge of the Veteran's medical 
history, made a detailed examination of the Veteran's back 
disability, and provided reasons for her opinion that the 
Veteran's current back disability is unrelated to service. The 
April 2007 private opinion is not considered to be as probative 
as the report does not show that the private physician had as 
detailed a knowledge of the Veteran's medical history and he did 
not provide sufficient reasons and bases for his favorable 
opinion. See Wensch v. Principi, 15 Vet. App. 362, 367 (2001).

In light of the Board finding the October 2007 medical opinion to 
be of greater probative value than the medical opinion in support 
of the Veteran's claim, and in light of there being several 
additional and private medical which weigh against the Veteran's 
claim and only one in favor of the Veteran's claim, the Board 
finds that the greater weight of the evidence is against the 
Veteran's claim. As such the preponderance of the evidence is 
against the Veteran's claim and service connection for residuals 
of left transverse fracture of the L1 vertebra is not warranted.

(CONTINUED ON NEXT PAGE)

ORDER

Service connection for residuals of left transverse fracture of 
the L1 vertebra is denied.

____________________________________________
James L. March 
Veterans Law Judge, Board of Veterans' Appeals

 Department of Veterans Affairs