﻿Citation Nr: AXXXXXXXX
Decision Date: 12/31/19 Archive Date: 12/31/19

DOCKET NO. 190408-8065
DATE: December 31, 2019

ORDER

Entitlement to service connection for coronary artery disease, to include as secondary to post-traumatic stress disorder (PTSD), is denied.

FINDING OF FACT

The Veteran has a diagnosed condition of coronary artery disease (CAD) that is not related to PTSD. 

CONCLUSION OF LAW

The criteria for entitlement to service connection for coronary artery disease, to include as secondary to PTSD, are not met. 38 U.S.C. § 1110; 38 C.F.R. §§ 3.303, 3.310. 

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran had active service from August 1974 to August 1976. 

1. Entitlement to service connection for coronary artery disease, to include as secondary to PTSD.

The Veteran contends that he developed coronary artery disease (CAD) as secondary to his service-connected PTSD. After a thorough review of the evidence, the Board finds that entitlement to service connection for CAD is not warranted. 

The Board notes that service connection for coronary artery disease as secondary to PTSD was denied in a rating decision on appeal in November 2017. The Veteran filed a notice of disagreement with this decision in August 2018. In October 2018, the Veteran elected the modernized review system selecting higher level review of the denial. 38 C.F.R. § 19.2(d). In January 2019, the RO issued a rating decision based on a higher-level review and the Veteran elected to appeal to the Board in the direct review lane. 

Because the Veteran has not raised, and the record does not reasonably raise, entitlement to direct service connection, the Board’s adjudication will consider only entitlement to secondary service connection. 

Service connection may be granted for a disability that is proximately due to, or aggravated by, service-connected disease or injury. 38 C.F.R. § 3.310.

The question for the Board is whether the Veteran has a current disability that is proximately due to or the result of, or was aggravated beyond its natural progress, by service-connected disability. 

The Board concludes that, while the Veteran has a current disability of coronary artery disease, the preponderance of the evidence is against finding that the Veteran’s is proximately due to or the result of, or aggravated beyond its natural progression by, a service-connected disability. 38 U.S.C. §§ 1110, 1131; Allen v. Brown, 7 Vet. App. 439 (1995) (en banc); 38 C.F.R. § 3.310(a). 

The Veteran’s service treatment records do not document treatment for or diagnosis of coronary artery disease. 

The medical records of evidence document that the Veteran experienced a myocardial infarction in June 2015 and underwent coronary artery bypass grafting as a result. 

The Veteran’s VA treatment records document ongoing concern by medical treatment providers regarding the Veteran’s obesity and other risk factors as related to his cardiac health, e.g., February 2016, the medical provider counseled the Veteran on weight loss; July 2016, the medical provider noted that the Veteran needed “aggressive” CAD risk factor reduction. 

The Veteran was afforded a VA examination in July 2017. The Veteran was taking several prescription medications related to this diagnosis. The examiner diagnosed coronary artery disease and noted that it was secondary to hyperlipidemia. The examiner opined that the Veteran’s CAD was not at least as likely as not related to PTSD. The examiner explained that the Veteran had several “major risk factors for CAD” including hypertension, hyperlipidemia, and obesity. 

The Veteran has submitted medical literature in August 2018 regarding a connection between PTSD and cardiac health. However, the article is not accompanied by a medical opinion outlining the specifics in the Veteran’s situation as referenced in the medical literature. If the Board or a higher-level reviewer identifies a duty to assist error made by the AOJ prior to the AOJ rating decision being reviewed, and cannot grant the maximum benefit for the claim, the Board must remand the case, or the higher-level reviewer must return the case, to the AOJ for correction of the error and readjudication. VA Claims and Appeals Modernization, 84 Fed. Reg. 138, 173 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 3.2601(g)); VA Claims and Appeals Modernization, 84 Fed. Reg. 138, 189-90 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 20.802(a)). Here, the Board does not find that a duty to assist error was made and therefore a remand is not required. The VA examiner outlined the Veteran’s risk factors and made an informed medical opinion. The Veteran has also been afforded multiple VA examinations for PTSD, and the examiners did not list CAD as a result or symptom of the Veteran’s PTSD. 

The Veteran has submitted written correspondence indicating that he objects to the examination because it was performed by a nurse practitioner and not a cardiologist with a medical degree. Under VA regulation and as interpreted in various legal proceedings, a nurse practitioner is competent to provide a medical examination and opinion. See Cox v. Nicholson, 20 Vet. App. 563, 569 (2007) (holding that a nurse practitioner is competent to provide “medical diagnoses, statements, or opinions” (quoting 38 C.F.R. § 3.159(a)(1) (2006))). 

The Veteran believes his CAD is proximately due to the service-connected disability of PTSD. The Veteran in this case is not competent to provide a nexus opinion regarding this issue. The issue is medically complex, as it requires knowledge of the interaction between multiple organ systems in the body and the interpretation of diagnostic medical testing. Therefore, it is outside the competence of the Veteran in this case because the record does not show that he has the skills or medical training to make such a determination. Jandreau v. Nicholson, 492 F.3d 1372, 1377 n.4 (Fed. Cir. 2007); see also Kahana v. Shinseki, 24. Vet. App. 428 (2011). 

Consequently, the Board gives more probative weight to the VA medical examination. As the preponderance of the evidence weighs against the claim, the benefit-of-the-doubt doctrine does not apply. See 38 U.S.C. § 5107(b). Accordingly, the appeal for entitlement to service connection for coronary artery disease is denied. 

 

 

DAVID L. WIGHT

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board E. Miller

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.