﻿Citation Nr: AXXXXXXXX
Decision Date: 05/29/20 Archive Date: 05/29/20

DOCKET NO. 191108-43265
DATE: May 29, 2020

ORDER

Readjudication of the claim for entitlement to service connection for right knee patellofemoral pain syndrome is granted.

Readjudication of the claim for entitlement to service connection for left knee patellofemoral pain syndrome is granted.

Entitlement to service connection for patellofemoral syndrome left knee is granted.

REMANDED

Entitlement to service connection for patellofemoral syndrome right knee is remanded.

FINDINGS OF FACT

1. New evidence was received after the December 2018 denial that is relevant to the issue of entitlement to service connection for right knee patellofemoral pain syndrome.

2. New evidence was received after the December 2018 denial that is relevant to the issue of entitlement to service connection for left knee patellofemoral pain syndrome.

3. The evidence is at least evenly balanced as to whether the Veteran’s patellofemoral syndrome of the left knee is related to active service.

CONCLUSIONS OF LAW

1. The criteria for readjudicating the claim for service connection for right knee patellofemoral pain syndrome have been met. 84 Fed. Reg. 138, 169 (Jan. 18, 2019) (codified at 38 C.F.R. § 3.156 (d)).

2. The criteria for readjudicating the claim for service connection for left knee patellofemoral pain syndrome have been met. 84 Fed. Reg. 138, 169 (Jan. 18, 2019) (codified at 38 C.F.R. § 3.156 (d)).

3. With reasonable doubt resolved in favor of the Veteran, the criteria for service connection for a left knee disability are met. 38 U.S.C. §§ 1110, 5107(b); 38 C.F.R. §§ 3.102, 3.303, 3.310.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served on active duty from June 1982 to December 1993.

In the October 2019 AMA decision, the Agency of Original Jurisdiction (AOJ) found that new and relevant evidence was not submitted to warrant readjudicating the claims for service connection for right and left knee patellofemoral pain syndrome.

In November 2019, the Veteran submitted a VA Form 10182 (Decision Review Request: Board Appeal) under the Appeals Modernization Act (AMA) and elected the Direct Review lane. See 84 Fed. Reg. 138, 177 (Jan. 18, 2019) (codified at 38 C.F.R. § 19.2 (d)). Accordingly, the Board is limited to review of the evidence in the record up and until the date of the October 25, 2019 AMA rating decision.

1. Whether new and relevant evidence was presented to warrant readjudicating the August 2018 claim for service connection for right knee patellofemoral pain syndrome.

2. Whether new and relevant evidence was presented to warrant readjudicating the August 2018 claim for service connection for left knee patellofemoral pain syndrome.

The Veteran contends that he submitted evidence to reopen a claim for service connection for right and left knee patellofemoral pain syndrome that is new and relevant and warrants readjudication of the issue.

VA will readjudicate a claim if new and relevant evidence is presented or secured. 84 Fed. Reg. 138, 169 (Jan. 18, 2019) (codified at 38 C.F.R. § 3.156 (d)). "Relevant evidence" is evidence that tends to prove or disprove a matter in issue. 84 Fed. Reg. 138, 172 (Jan. 18, 2019) (codified at 38 C.F.R. § 3.2501 (a)(1)).

The questions in this case are whether the Veteran submitted evidence after the prior final denial of his claim for service connection for right and left knee patellofemoral pain syndrome, and whether that evidence is new and relevant to his claim.

The Veteran’s claims of service connection for right and left knee disabilities were denied in a December 2018 rating decision. In September 2019, the Veteran filed a supplemental claim to reopen those previous denials, and submitted additional medical evidence with that supplemental claim. Upon consideration of this evidence, the Board finds the Veteran submitted new evidence after the prior final rating decision that is relevant to his claim. The Veteran submitted a lay statement in September 2019, stating that he has had pain in both of his knees since active duty and has had no intervening or intercurrent injuries to his knees since the in-service injuries. The Veteran also submitted private treatment records in September 2019 which included a nexus opinion suggesting that the Veteran’s left knee disability is related to his knee injury in service. Both pieces of evidence were submitted after the December 2018 prior final legacy rating decision and prior to the rating decision on appeal. The lay statement and private opinion were not already of record and may prove or disprove the nexus element of the claims for service connection for right and left knee patellofemoral pain syndrome. Readjudication of the claim is warranted.

3. Entitlement to service connection of left knee patellofemoral syndrome.

The Veteran contends that his bilateral knee disabilities are due to his active service.

Service connection will be granted if the evidence demonstrates that current disability resulted from an injury suffered or disease contracted in active military, naval, or air service. 38 U.S.C. §§ 1110, 1131; 38 C.F.R. § 3.303(a). Establishing service connection generally requires competent evidence of three things: (1) current disability; (2) in-service injury or disease; and (3) a relationship between the two. Saunders v. Wilkie, 886 F.3d 1356, 1361 (Fed. Cir. 2018). Consistent with this framework, service connection is warranted for a disease first diagnosed after service when all the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303(d).

Pursuant to 38 C.F.R. § 3.303(b), where a chronic disease is shown as such in service, subsequent manifestations of the same chronic disease are generally service connected; if a chronic disease is noted in service but chronicity in service is not adequately supported, a showing of continuity of symptomatology after separation is required. Entitlement to service connection based on chronicity or continuity of symptomatology pursuant to 38 C.F.R. § 3.303(b) applies only when the disability for which the Veteran is claiming compensation is due to a disease enumerated on the list of chronic diseases in 38 U.S.C. § 1101(3) or 38 C.F.R. § 3.309(a). Walker v. Shinseki, 708 F.3d 1331 (Fed. Cir. 2013). In addition, such chronic diseases are presumed to have been incurred in service if they manifested to a compensable degree within one year of separation from service. 38 U.S.C. §§ 1101(3), 1112(a)(1), 1113; 38 C.F.R. §§ 3.307(a), 3.309(a).

As an initial matter, the AOJ found that the Veteran has current diagnoses of bilateral patellofemoral pain syndrome and the Board is bound by this favorable finding. See October 2019 Rating Decision.

Service treatment records (STRs) reflect that in May 1991, the Veteran complained of a knee injury with swelling that had been present for two months. X-rays were taken which showed no evidence of fracture or effusion. Nine days later, the Veteran was seen by the physical therapy unit and diagnosed with left knee patellofemoral syndrome. However, the same medical note assessed the Veteran as having bilateral knee pain with an unknown etiology with the pain being worse in the left knee. The examiner also noted that “grinding” was present bilaterally. The Veteran was placed on limited duty. In June 1991, the Veteran was again treated for bilateral knee pain that he stated had been present for three months. The examiner stated that the etiology was unknown and that the Veteran reported his knees swelling and his left knee gave out. The examiner again noted grinding present bilaterally and also noted that the area of palpation pain was the left patella tendon area. The examiner described that the Veteran has constant pain while running or with prolonged walking. The Veteran again complained of bilateral knee pain and swelling in his left knee in July 1991. 

STRs reflect that in September 1992, the Veteran was treated for right knee pain and swelling which he stated had been present for two weeks. The examiner noted that “last year it was his left knee, which eventually resolved”. The examiner also noted the similarity in symptomatology with the Veteran’s previous left knee symptoms. In his October 1993 separation report of medical history, he selected that he had a “bone, joint or other deformity” and explained that he had patellofemoral syndrome “to both knees”.

April 2018 community health center records indicate that the Veteran was seen for bilateral knee pain. The examiner noted the Veteran’s diagnosis of patellofemoral syndrome to both knees in service. X-rays were performed on both knees which indicated slight narrowing of the medial compartment of the left knee but no other significant findings.

The Veteran underwent VA examination in December 2018. The examiner diagnosed the Veteran with bilateral patellofemoral pain syndrome and described his reports of bilateral knee pain with prolonged sitting, standing, walking and stair climbing. The examiner conceded that the Veteran was diagnosed and treated for bilateral patellofemoral pain syndrome in service. However, the examiner concluded that the Veteran’s current bilateral patellofemoral pain syndrome is less likely than not caused by or a result of the bilateral patellofemoral pain syndrome diagnosed and treated in service, stating that there is no evidence that the condition diagnosed in service resulted in a chronic knee disability. In formulating her opinion, the examiner also relied on the absence of a record of treatment for knee pain between separation from service and 2018. The examiner also mentioned that x-ray findings were negative for any significant degenerative joint changes.

The Veteran asserts that the VA examiner who conducted the October 2018 VA examination of the bilateral knees is not competent. The Veteran did not request information about the examiner’s qualifications. Instead, the Veteran contends that the examination was inadequate, because the examiner was a nurse practitioner and is not shown to have any particular expertise, experience, training, or competence in commenting on orthopedic disorders. 

The question of “whether an examiner is competent and whether he has rendered an adequate exam are two separate inquiries.” See Francway v. Wilkie, 930 F.3d 1377, (Fed. Cir. 2019) (quoting Mathis v. McDonald, 834 F.3d 1347, 1351 (Fed. Cir. 2016) (Hughes, J., concurring in denial of rehearing en banc)). Absent some challenge to the expertise of a VA expert, there is no requirement that VA present affirmative evidence of a medical professional’s qualifications in every case as a precondition for the Board’s reliance upon that person’s opinion, and the Board is entitled to assume the competence of a VA examiner unless the competence is challenged. Sickels v. Shinseki, 643 F.3d 1362, 1365-66 (Fed. Cir. 2011); Rizzo v. Shinseki, 580 F.3d 1288 (Fed. Cir. 2009). This presumption is rebutted when the veteran raises the issue of competency. See Francway, 930 F.3d at 1380. After the veteran challenges the competency of a medical examiner, “[t]he Board must then make factual findings regarding the qualifications and provide reasons and bases for concluding whether or not the medical examiner was competent to provide the opinion.” Id. at 1381. 

Rather than challenging the competency of the specific VA examiner in this case, the representative’s objection appears to be based solely on the examiner’s credentials as a nurse practitioner. To the extent that the representative has challenged the ability of any nurse practitioner to provide findings regarding the current manifestations of the Veteran’s bilateral knee disabilities, there is no indication that any greater level of specialized training is required for these types of examinations. As a general matter, there is no requirement that a medical examination be conducted by a physician. See Cox v. Nicholson, 20 Vet. App. 563, 568 (2007) (citing Goss v. Brown, 9 Vet. App. 109, 114 (1996)). The Court has already rejected the contention that a nurse practitioner is not competent to either conduct a VA examination or to render a competent medical opinion. See Cox, 20 Vet. App. at 569. Specifically, the Court held that “[a] nurse practitioner, having completed medical education and training, [ ] fits squarely into the requirement of [38 C.F.R.] § 3.159(a)(1) as one competent to provide diagnoses, statements, or opinions.” Id.  A registered nurse practitioner, such as the one who conducted the Veteran’s VA examination in October 2018, has “advanced education and clinical training in a specialized area of health care” and “can diagnose, prescribe, and perform procedures.” DORLAND’S ILLUSTRATED MEDICAL DICTIONARY 1326 (31st ed. 2007). As a nurse practitioner is qualified to examine patients and diagnose disorders, the Board finds that the nurse practitioner was competent to evaluate the current severity of the Veteran’s service-connected bilateral knee disorders. Further, there is no evidence of record to support the representative’s assertion that a nurse practitioner is not competent to provide medical findings addressing the Veteran’s bilateral knee disabilities. The examiner addressed all of the necessary criteria in evaluating the Veteran’s bilateral knee disabilities in the VA examination report. Thus, the Board finds that the October 2018 examiner was competent to conduct the VA examination that evaluated the Veteran’s bilateral knee disabilities.

In a September 2019 statement, the Veteran reported that during service, he was treated on multiple occasions for bilateral knee pain. The Veteran reported that his current bilateral knee pain first began in service and has continued since service. The Veteran also stated that he has had no intervening or intercurrent injuries to his knees since the injuries in service which led to patellofemoral syndrome being marked on his discharge physical.

The Veteran was seen by a private orthopedic surgeon, Dr. J.G., in September 2019 for an assessment of his left knee. Dr. J.G. noted the Veteran’s report of an injury to his knee in service and stated that based on his symptoms he would suspect that this has been a progressive situation regarding his patellofemoral joint. He concluded that it is therefore reasonable to assume that the Veteran’s current left knee symptoms are related to his injury in service. MRIs were taken of the Veteran’s knees. MRI of left knee showed an undersurface tear along the periphery of the posterior horn/body junction of the medial meniscus, low-grade articular cartilage loss in the medial compartment, areas of linear high-grade chondral fissuring involving the patellar apex and medial facet of the patella with low-to moderate-grade articular cartilage loss involving the patella and a small ganglion cyst measuring 12 x 8 x 5 mm. MRI of right knee showed an area of linear high-grade chondral fissuring involving the lateral facet of the patella near the patellar apex with low-grade articular cartilage loss involving the patella and medial compartment and a possible ganglion cyst measuring 2.4 x 1.8 x 1.1 cm.

In light of the foregoing, service connection for left knee patellofemoral pain syndrome is warranted.

As previously noted, a current diagnosis of bilateral patellofemoral pain syndrome has been established. Consequently, the issue at hand is whether there exists a nexus between his current disability and his in-service complaints of knee pain. 

Although the September 2019 orthopedic surgeon’s rationale was not extensive, the opinion is entitled to probative value. Collectively, with the other evidence of record, including recent MRI results of the Veteran’s knees and the consistency of the Veteran’s statements, entitles his positive nexus opinion probative weight. See Monzingo v. Shinseki, 26 Vet. App. 97, 106 (2012) (the fact that the rationale provided by an examiner “did not explicitly lay out the examiner’s journey from the facts to a conclusion,” did not render the examination inadequate); Acevedo v. Shinseki, 25 Vet. App. 286, 294 (2012) (medical reports must be read as a whole and in the context of the evidence of record). Furthermore, the physician provided a rationale based on a report of the Veteran’s medical history and injury in service. His opinion, suggesting a long-term disease process is entitled to significant probative weight. Id. 

Furthermore, the Veteran’s statements as to onset and continuity of symptoms are competent, and there is no reason to doubt the Veteran’s credibility in that regard. See Buchanan v. Nicholson, 451 F.3d 1331, 1337 (Fed. Cir. 2006) (“[T]he Board cannot determine that lay evidence lacks credibility merely because it is unaccompanied by contemporaneous medical evidence”). The STRs reflect reports of bilateral knee pain, swelling, and “grinding”. STRs also reflect diagnoses of left knee patellofemoral pain syndrome and an unknown etiology for the Veteran’s right knee.

Moreover, given the private medical opinion suggesting a relationship and competent, credible lay statements of the Veteran, the evidence is at least in equipoise as to whether the Veteran’s bilateral knee disabilities are a result of his active service. In this regard, the Board finds both medical opinions to be equally competent and credible regarding the etiology of the Veteran’s left knee disability. As the reasonable doubt created by this relative equipoise in the evidence must be resolved in favor of the Veteran, entitlement to service connection for left knee patellofemoral syndrome is warranted. 38 U.S.C. § 5107 (b); 38 C.F.R. § 3.102.

REASONS FOR REMAND

1. Entitlement to service connection of right knee patellofemoral syndrome is remanded.

(Continued on the next page)

 

While the Board acknowledges that Dr. J.G., the private physician, only related the Veteran’s left knee disability to service, MRI results show similar high-grade chondral fissuring present in both knees. Notably, in his comments on the imaging results for the left knee, Dr. J.G. primarily focused on this fissuring and noted that it appears to be chronic. Given that this evidence implies that the Veteran’s right knee disability may also be attributable to his in-service right knee pain, the Board would request an addendum opinion which assesses whether or not the Veteran’s right knee pain is related to service.

The matters are REMANDED for the following action:

1. Obtain an addendum opinion from a qualified clinician which assesses whether or not the Veteran’s present right patellofemoral pain syndrome is at least as likely as not related to his in-service complaints of bilateral knee pain. In providing the addendum opinion, the examiner should consider the private opinion submitted in September 2019, as well as the Veteran’s own reports of symptoms since service. 

 

 

M. Pryce

Acting Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board V. Modesto

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.