Citation Nr: 1513783 
Decision Date: 03/31/15 Archive Date: 04/03/15

DOCKET NO. 09-34 687 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Petersburg, Florida


THE ISSUE

Entitlement to a total disability rating based on individual unemployability due to service-connected disability (TDIU).


REPRESENTATION

Appellant represented by: The American Legion


WITNESS AT HEARING ON APPEAL

Appellant


ATTORNEY FOR THE BOARD

K. Hughes, Counsel

INTRODUCTION

The Veteran served on active duty from March 1967 to December 1969. 

This case comes before the Board of Veterans' Appeals (Board) on appeal of an October 2008 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in St. Petersburg, Florida, which in pertinent part denied entitlement to TDIU. In April 2012, the matter was remanded for additional development. The Board finds that there has been substantial compliance with its remand directives. See Stegall v. West, 11 Vet. App. 268 (1998).

In November 2011, the Veteran testified at a Travel Board hearing before a Veterans Law Judge who is no longer employed by the Board. A transcript of that hearing is of record. In December 2014, the Veteran was afforded the opportunity for a new hearing. Subsequently, in December 2014, he responded that he did not wish to appear at another hearing.

The Veteran had also timely disagreed with the denial of an evaluation in excess of 30 percent for posttraumatic stress disorder (PTSD) (an interim, September 2009, rating decision granted an increased 50 percent rating) and this issue was included in the September 2009 statement of the case (SOC). The Veteran's timely substantive appeal limited his appeal to the matter of entitlement to TDIU. Consequently, the matter before the Board at this time is entitlement to TDIU. 


FINDING OF FACT

The Veteran's only service-connected disability, PTSD, rated 50 percent, is not shown to alone be of such severity as to preclude his participation in any substantially gainful employment.



CONCLUSION OF LAW

The criteria for the assignment of a TDIU due to service-connected disabilities have not been met. 38 U.S.C.A. §§ 1155, 5107 (West 2014); 38 C.F.R. §§ 3.340, 3.341, 4.16, 4.25 (2014).


REASONS AND BASES FOR FINDING AND CONCLUSION

Duties to Notify and Assist

VA has met all statutory and regulatory notice and duty to assist provisions as to the Veteran's claim for TDIU. See 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5107, 5126; 38 C.F.R. §§ 3.102, 3.156(a), 3.159 and 3.326(a). A May 2008 letter fully satisfied the duty to notify provisions prior to initial adjudication of the Veteran's claim in October 2008. 

The Veteran's pertinent treatment and Social Security Administration (SSA) records have been secured. The RO arranged for VA examinations in September 2008, August 2009 and July 2012. Together, these examination reports are adequate for rating purposes as they reflect familiarity with the record and relevant medical history and describe the Veteran's service-connected PTSD as it relates to his ability to secure or follow a substantially gainful occupation in sufficient detail so that the Board's evaluation is a fully informed one. 

In a statement received by VA in December 2012, the Veteran requested another VA examination (alleging that the July 2012 VA examiner had examined him previously and "had already made up his mind based on the first exam" and noting that the "medical community is constantly in disagreement over what are the various causes of dementia"). However, a review of the July 2012 VA examination report did not find anything suggesting that it was completed with bias or lack of professionalism. It is also not shown that the examiner (who is a psychologist) lacks the expertise to render the opinion provided. See Cox v. Nicholson, 20 Vet. App. 563, 569 (2007) (VA may satisfy its duty to assist by providing a medical examination conducted by someone who is able to provide "competent medical evidence" under 38 C.F.R. § 3.159(a)(1)). 

Further, the December 2014 Written Brief Presentation includes the argument that the matter is "not yet ripe for appellate review" because the Veteran's most recent, July 2012, VA examination is over two years old. It is not claimed that the Veteran's PTSD has worsened since the 2012 VA examination, which would necessitate an additional examination. See Snuffer v. Gober, 10 Vet. App. 400 (1997). Indeed, the Veteran's representative only argues that the medical evidence is "stale" and does not provide any specific symptoms indicating a worsening of the Veteran's PTSD, his only service connected disability. There is also no evidence of record which otherwise suggests a worsening of the Veteran's PTSD since the most recent VA examination. As such, the Board finds that remand for an additional VA examination is not warranted.

The Board finds that the record as it stands includes adequate competent evidence to allow the Board to decide this matter, and that no further development of the evidentiary record is necessary. See generally 38 C.F.R. § 3.159(c)(4). The Veteran has not identified any evidence that remains outstanding. VA's duty to assist is met.

Legal Criteria, Factual Background, and Analysis

Initially, it is noted that the Board has reviewed all the evidence in the record. Although the Board has an obligation to provide adequate reasons and bases supporting its decision, there is no requirement that the Board discuss every piece of evidence in the record. Rather, the Board will summarize the relevant evidence, as appropriate, and the Board's analysis will focus specifically on what the evidence shows, or fails to show, as to the claim. See Gonzalez v. West, 218 F.3d 1378, 1380-81 (Fed. Cir. 2000).

Total disability ratings for compensation based on individual unemployability may be assigned where the schedular rating is less than total, when it is found that the disabled person is unable to secure or follow a substantially gainful occupation as a result of a single service-connected disability ratable at 60 percent or more, or as a result of two or more disabilities, provided at least one disability is ratable at 40 percent or more, and there is sufficient additional service-connected disability to bring the combined rating to 70 percent or more. 38 C.F.R. §§ 3.340, 3.341, 4.16(a). 

If the total rating is based on a disability or combination of disabilities for which the Schedule for Rating Disabilities provides an evaluation of less than 100 percent, it must be determined that the service-connected disabilities are sufficient to produce unemployability without regard to advancing age. 38 C.F.R. § 3.341. In evaluating total disability, full consideration must be given to unusual physical or mental effects in individual cases, to peculiar effects of occupational activities, to defects in physical or mental endowment preventing the usual amount of success in overcoming the handicap of disability, and to the effects of combinations of disability. 38 C.F.R. § 4.15. 

38 C.F.R. § 4.16 does not require a finding that the schedular ratings are inadequate to compensate for the average impairments in earning capacity caused by particular disabilities, but requires only a finding that the service-connected disabilities render a particular Veteran unemployable. VAOPGCPREC 6-96 (August 16, 1996).

Service connection is currently in effect for one disability: PTSD, rated as 50 percent disabling. Thus, the Veteran does not meet the scheduler criteria for consideration of entitlement to a TDIU. 38 C.F.R. § 4.16(a). The remaining question before the Board, then, is whether he is unable to secure or follow a substantially gainful occupation solely by reason of his service-connected disability and thus entitled to referral for consideration of a TDIU rating on an extra-schedular basis under the provisions of 38 C.F.R. § 4.16(b).

Notwithstanding the circumstances of not meeting the schedular criteria for TDIU under 38 C.F.R. § 4.16(a), all veterans who are shown to be unable to secure and follow a substantially gainful occupation by reason of service-connected disability shall be rated totally disabled. Indeed, a total rating based on individual unemployability may be assigned in the case of a Veteran who fails to meet the percentage requirements but who is unemployable solely by reason of service-connected disability on an extra-schedular basis. 38 C.F.R. § 4.16(b). In order to meet this standard, the record must show some factor which takes the case outside the norm. The sole fact that a claimant is unemployed or has difficulty obtaining employment is not enough. A disability rating in itself is recognition that the impairment makes it difficult to obtain or keep employment. The ultimate question is whether the veteran is capable of performing the physical and mental acts required by employment, not whether he can find employment. Van Hoose v. Brown, 4 Vet. App. 361 (1993).

In his April 2008 TDIU claim, the Veteran indicated that he stopped working in February 2005 due to PTSD. 

An August 2005 SSA disability determination shows that the Veteran had been disabled since February 2005 due to an organic mental disorder. Mental health treatment records in connection with his SSA disability claim show that the Veteran was evaluated in 2005 for disability due to cognitive limitations, PTSD, and a history of alcohol abuse. These records show that there had been a progressive deterioration in the Veteran's functioning over the past several years and that he reported significant PTSD symptomatology, including intrusive memories, flashbacks, paranoia, obsessive compulsive behavior and memory loss, which were having a significant impact on his daily functioning. Psychological evaluation showed that the Veteran performed poorly in the area of executive functioning. The Veteran was found not capable of sustained, competitive employment. These records also show that the Veteran reported hearing problems, knee pain and constant back pain which radiates down his legs and "limits his physical capabilities." He also reported that his narcolepsy "is mainly what caused him to have to quit working." 

VA psychiatry outpatient treatment notes from July 2006 to July 2009 include assessments of PTSD, ETOH (alcohol) dependence in full sustained remission, history of depression, Alzheimer's type dementia and ADD (attention deficit disorder).

A September 2007 VA psychiatry outpatient treatment report notes that "life circumstances" (surgery, infection, irregular blood pressure and related appointments) since his last October 13, 2006 appointment had exacerbated the Veteran's PTSD symptoms (especially anger and flashbacks). 

A June 2008 private treatment report shows that the Veteran underwent L5 disc removal in 2000 and his medical history included depression, ulcers, left knee arthritis, hayfever, periodontal disease, PTSD, sleep deprivation syndrome, obstructive sleep apnea, nocturnal myoclonus and senile dementia. 

On September 2008 VA examination, the Veteran was diagnosed with PTSD, chronic. The examiner noted that the Veteran had been retired since 2005 due to medical (physical) problems. However, the examiner also noted that the Veteran described his medical/physical problems as "I had a medical exam and they diagnosed me with narcolepsy and dementia." The examiner also noted that the Veteran reported experiencing dementia and that his records indicated that he experienced ADHD (attention deficit hyperactivity disorder), but that those conditions appeared to be unrelated to his PTSD. The examiner concluded that the Veteran's PTSD did not cause total occupational and social impairment, but rather caused occasional decrease in work efficiency and intermittent periods of inability to perform occupational tasks due to PTSD signs and symptoms, but with generally satisfactory functioning.

In his November 2008 notice of disagreement, the Veteran reported that he was in receipt of SSA disability "because of dementia which is a symptom of PTSD." 

A December 2008 private treatment report notes that the Veteran's PTSD and depression could cause pseudo-dementia.

An April 2009 report from VA Vocational Rehabilitation and Employment Service indicates that the Veteran was found to be ineligible for training or employment due to the severity of his service-connected disabilities. It is noted that the Veteran was service-connected for PTSD which causes occupational and social impairment with an occasional decrease in work efficiency and intermittent periods of inability to perform occupational tasks. The Veteran reported anger issues (for which he had received anger management training on more than one occasion) and nonservice connected dementia, head pain, rashes, knee pain, and low back pain. It is also noted that he was "found entitled to SSDI (Social Security Disability Insurance) for organic mental disorder, chronic brain syndrome which he claims causes dementia." The report also notes that the Veteran reported that his memory had been affected more than anything, and caused him to have accidents and major problems on his last job. The report concluded that the severity of the Veteran's physical and psychological impairments, both social and occupational, indicated that his functional capacities fell in the range of less than sedentary work, and it was not likely that he would benefit from training and employment rehabilitative services.

On August 2009 VA PTSD examination, the examiner noted dyslipidemia, knee problems, dementia, GERD (gastroesophageal reflux disease), PUD (peptic ulcer disease), prostatitis and hearing loss as significant non-psychological illnesses, injuries or hospitalizations. The Veteran was diagnosed with PTSD as well as dementia, ADHD and depression. The examiner opined that the "Veteran's PTSD did not cause total occupational or social impairment, but would cause occasional decrease in work efficiency if he was employed." He opined further that the Veteran's primary difficulty with occupational work was a combination of dementia and narcolepsy, and that his dementia, which was of an Alzheimer's type, was the most disabling condition for him at that time. The examiner found that, if the Veteran had superimposed pseudodementia secondary to his PTSD and depression, it was unlikely that it would have any significant impact on his unemployability above and beyond his impairment at the time of examination. 

During his November 2011 Travel Board hearing, the Veteran testified that he stopped working in 2005 and, although he has sought employment since that time, he has never been able to maintain employment because of his service-connected PTSD. He reported that he had many jobs prior to becoming a riverboat captain, a job he was able to maintain for 33 years before accidents due to impaired judgment caused him to retire. The Veteran also reported getting fired from his part-time/unpaid job at a golf course after he punched a co-worker in 2007. He attributed this behavior to anger management problems due to PTSD. The Veteran reported that, at the time of the hearing, he was not diagnosed with or treated for dementia or Alzheimer's. He reported that his PTSD had worsened since his last VA examination in August 2009 and that he would be unable to obtain or maintain employment because of problems with anger and memory. 

At the hearing, the Veteran submitted additional evidence including a statement from a friend who described witnessing the Veteran engage in an altercation with a stranger at a public event. He had to be persuaded to leave because he was drawing attention to himself. 

On July 2012 VA PTSD examination, the diagnoses were PTSD, dementia of the Alzheimer's type and depressive disorder. The examiner opined that the Veteran's PTSD, exclusively, resulted in occupational and social impairment due to mild or transient symptoms which decrease work efficiency and ability to perform occupational tasks only during periods of significant stress. The examiner also opined that dementia is less likely than not caused or chronically worsened by PTSD. In support of this opinion, the examiner noted that he was not aware of scientific research that has established a relationship between PTSD and dementia and explained that "[d]ementia of the Alzheimer's Type (i.e., the Veteran's current diagnosis) is understood to be caused by structural brain abnormalities that are not associated with PTSD. The examiner concluded that the "Veteran's symptoms of PTSD, per se (i.e., excluding his Dementia and physical health problems), do not appear to preclude him from obtaining or maintaining any form of substantially gainful employment consistent with his education and occupational background." 

In this case, the Board finds that referral for extra-schedular consideration for a TDIU is not warranted. The evidence weighs against finding that the Veteran's service-connected PTSD alone renders him unable to secure and follow substantially gainful employment. Rather, the evidence shows that the Veteran has other, nonservice-connected physical and mental ailments (that cannot be considered at this instance) which render him unable to secure and follow substantially gainful employment. 

The Board finds the preponderance of the evidence is against a finding that the Veteran's service-connected PTSD alone rendered him unable to perform the tasks of a substantially gainful occupation. The Board finds highly probative and persuasive the consistent opinions of the VA examiners that the Veteran's service-connected PTSD does not make him unable to obtain and maintain gainful employment and that his dementia of the Alzheimer's type is unrelated to his PTSD. Although a December 2008 private treatment report notes that the Veteran's PTSD and depression could cause pseudo-dementia; medical opinions that are couched in speculative terms, general, or inconclusive in nature (as reflected by "could") cannot support a claim. Obert v. Brown, 5 Vet. App. 30, 33 (1993). Accordingly, this statement cannot be accorded significant probative value. In contrast, the July 2012 examiner, after performing a longitudinal review of the record, concluded that the Veteran's service-connected PTSD symptoms (excluding his Dementia and physical health problems) "do not appear to preclude him from obtaining or maintaining any form of substantially gainful employment consistent with his education and occupational background." 

The VA examiners offered their respective opinions after having had an opportunity to review the Veteran's complete medical record and conduct appropriate examinations of the Veteran. See Nieves-Rodriguez v. Peake, 22 Vet. App. 295 (2008). The conclusions of the VA examiners are reinforced by the findings noted in the SSA records (which note the Veteran's diagnosis of PTSD but granted SSDI due to an organic mental disorder). The evidence establishes that there are non-service connected disabilities, such as dementia of the Alzheimer's type and head, back and knee pain, which preclude the Veteran from obtaining and retaining gainful employment. 

Based on the foregoing, there is no reason for a referral of the claim to the Director of the VA Compensation and Pension Service for extra-schedular consideration pursuant to 38 C.F.R. § 4.16(b). The evidence in this case is not so evenly balanced so as to allow for application of the benefit of the doubt rule as required by law and VA regulations. See 38 U.S.C.A. § 5107; Gilbert v. Derwinski, 1 Vet. App. 49 (1991). Therefore, the Veteran's claim of entitlement to a TDIU must be denied.

In reaching this decision, the Board notes that the determination of whether a veteran is unable to secure or follow a substantially gainful occupation due to service-connected disabilities is a factual rather than a medical question and that it is an adjudicative determination properly made by the Board or the RO. See Geib v. Shinseki, 733 F.3d 1350 (Fed. Cir. 2013).


ORDER

A total disability rating for compensation on the basis of individual unemployability is denied.



____________________________________________
M. E. LARKIN
Veterans Law Judge, Board of Veterans' Appeals


Department of Veterans Affairs