# United States Court of Appeals for the Federal Circuit

---

**ERNEST L. FRANCWAY, JR.,**
*Claimant-Appellant*

**v.**

**ROBERT WILKIE, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2018-2136

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 16-3738, Judge Michael P. Allen, Judge Amanda L. Meredith, Judge Joseph L. Toth.

---

Decided: October 15, 2019

---

WILLIAM H. MILLIKEN, Sterne Kessler Goldstein & Fox, PLLC, Washington, DC, argued for claimant-appellant. Also represented by MICHAEL E. JOFFRE.

WILLIAM JAMES GRIMALDI, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent-appellee. Also represented by JOSEPH H. HUNT, MARTIN F. HOCKEY, JR., ROBERT EDWARD KIRSCHMAN, JR.; LARA EILHARDT, SAMANTHA ANN SYVERSON, Y. KEN LEE, Office of General

Counsel, United States Department of Veterans Affairs, Washington, DC.

_____

Before PROST, *Chief Judge,* LOURIE and DYK, *Circuit Judges.*

Opinion for the court filed by *Circuit Judge* DYK, in which PROST, *Chief Judge* and LOURIE, *Circuit Judge*, join.

Footnote 1 of the opinion is joined by PROST, *Chief Judge,* NEWMAN, LOURIE, DYK, MOORE, O'MALLEY, REYNA, WALLACH, TARANTO, CHEN, HUGHES, and STOLL, *Circuit Judges.*

DYK, *Circuit Judge.*

Ernest L. Francway appeals from the Court of Appeals for Veterans Claims' ("Veterans Court's") decision affirming the Board of Veterans' Appeals' ("Board's") denial of Francway's claim for disability compensation. We affirm.

BACKGROUND

Francway served on active duty in the United States Navy from August 1968 to May 1970. While serving on an aircraft carrier in 1969, Francway contends that he was "hit by a gust of wind while carrying a set of wheel chocks" and "[t]he resulting fall caused him to injure his back." Francway Br. at 4. He contends he "was placed on bedrest for a week and assigned to light duty for three months following the incident." *Id.* Francway claims that this injury is connected to a current lower back disability, noting that after his accident he was treated for back problems while in service.

In April 2003, Francway filed a claim with the Department of Veterans Affairs ("VA") for service connection for his back disability. Between 2003 and 2011, Francway was examined multiple times by an orthopedist and had his medical records separately reviewed by the orthopedist and

an internist. They concluded, along with a physician's as-sistant that examined Francway, that Francway's current back disability was not likely connected to his injury in 1969.

After multiple appeals to and from the Board and re-mands back to the VA regional office ("RO"), in 2013, Francway sought to open his claim based on new and ma-terial evidence from his longtime friend, in a so-called "buddy statement," attesting to Francway's history of lower back disability after his injury in 1969. The Board again remanded the case to the RO based on the allegations in the "buddy statement," with instructions that Francway's "claims file should be reviewed by an appropriate medical specialist for an opinion as to whether there is at least a 50 percent probability or greater . . . that he has a low back disorder as a result of active service." J.A. 1046 (emphasis added). The Board also instructed that "[t]he examiner should reconcile any opinion provided with the statements from [Francway and his "buddy statement"] as to reported episodes of back pain since active service." *Id.* (emphasis omitted).

In 2014, Francway was examined by the same orthope-dist who had examined him previously. The orthopedist concluded that Francway's current back symptoms were unlikely to be related to his injury in 1969, but the ortho-pedist did not address the "buddy statement." Subse-quently, the internist who had previously provided the VA a medical opinion on Francway's disability reviewed Francway's file and the "buddy statement," and concluded that it would be speculative to say his current back symp-toms were related to his earlier injury. The RO again de-nied Francway's entitlement to benefits for his back disability.

The Board concluded that there was insufficient evi-dence of a nexus between Francway's injury in 1969 and his current back disability and that the VA had complied

with the earlier remand orders. Francway then appealed to the Veterans Court, arguing for the first time that the internist who had reviewed the "buddy statement" was not an "appropriate medical specialist" within the meaning of the remand order. The Veterans Court held that Francway had not preserved that claim because Francway did not challenge the examiner's qualifications before the Board.

Francway appealed to this court. We have jurisdiction pursuant to 38 U.S.C. § 7292(c). A request for initial hearing en banc was denied. *Francway v. Wilkie*, No. 18-2136 (Nov. 28, 2018), ECF No. 30. We review questions of law de novo, but, absent a constitutional issue, we "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2).

DISCUSSION

I

Since 2009, we have held that the Board and Veterans Court properly apply a presumption of competency in reviewing the opinions of VA medical examiners. *See Rizzo v. Shinseki*, 580 F.3d 1288, 1290–91 (Fed. Cir. 2009).

Francway first contends that the presumption of competency is inconsistent with the VA's duty to assist veterans, *see* 38 U.S.C. § 5103A (requiring the VA to assist veterans with benefit claims), and the benefit-of-the-doubt rule, *id.* § 5107(b) (requiring the VA to give the benefit of the doubt to the veteran when the evidence is in approximate equipoise), and that there is no statutory basis for the presumption.     We     see     no     inconsistency     since     the

"presumption of competency" is far narrower than Francway asserts and is not inconsistent with the statutory scheme.[1]

"The purpose of the [VA] is to administer the laws providing benefits and other services to veterans and the dependents and the beneficiaries of veterans." 38 U.S.C. § 301(b). In line with this mandate, the VA processes claims for service-connected disability benefits sought by veterans, *see, e.g., id.* §§ 1110, 1131, and, to perform this duty, the VA relies on medical examiners who provide medical examinations and medical opinions based on review of the evidence in the record, *id.* § 5103A(d); 38 C.F.R. § 3.159(c)(4). Both the statute and implementing regulations require that these medical examinations and opinions be based on competent medical evidence, defined, in relevant part, as "evidence provided by a person who is qualified through education, training, or experience to offer medical diagnoses, statements, or opinions." 38 C.F.R. § 3.159(a)(1).

The presumption of competency originated in our decision in *Rizzo*. As we said in *Rizzo*, "[a]bsent some challenge to the expertise of a VA expert, this court perceives no statutory or other requirement that VA must present affirmative evidence of a physician's qualifications in every case as

---

[1] The en banc court formed of PROST, *Chief Judge,* NEWMAN, LOURIE, DYK, MOORE, O'MALLEY, REYNA, WALLACH, TARANTO, CHEN, HUGHES, and STOLL, *Circuit Judges*, has determined that to the extent that the decision here is inconsistent with *Rizzo v. Shinseki*, 580 F.3d 1288 (Fed. Cir. 2009), and *Bastien v. Shinseki*, 599 F.3d 1301 (Fed. Cir. 2010), those cases are overruled. We note that in the future, the requirement that the veteran raise the issue of the competency of the medical examiner is best referred to simply as a "requirement" and not a "presumption of competency."

a precondition for the Board's reliance upon that physician's opinion." 580 F.3d at 1291. Although it is referred to as the presumption of competency, we have not treated this concept as a typical evidentiary presumption requiring the veteran to produce evidence of the medical examiner's incompetence. Instead, this presumption is rebutted when the veteran raises the competency issue.

The limited nature of the presumption has been consistently recognized in our caselaw. Beginning with *Rizzo*, we have held that "where . . . the veteran does not challenge a VA medical expert's competence or qualifications before the Board," the "VA need not affirmatively establish that expert's competency." *Id.* at 1291 (emphasis added); *id.* ("Absent some challenge . . . ." (emphasis added)); *id.* ("Absent some challenge . . . .") (emphasis added)). Similarly, in *Sickels v. Shinseki*, 643 F.3d 1362 (Fed. Cir. 2011), we held that "when a veteran suspects a fault with the medical examiner's qualifications, it is incumbent upon the veteran to raise the issue before the Board." *Id.* at 1365–66 (emphasis added). "[T]he VA and Board are not required to affirmatively establish competency of a medical examiner unless the issue is raised by the veteran." *Id.* at 1366 (emphasis added). Our holding in *Parks v. Shinseki*, 716 F.3d 581 (Fed. Cir. 2013), is consistent with this understanding. Although we noted that "[i]f an objection is raised it may be necessary for the veteran to provide information to overcome the presumption," *id.* at 585 (emphasis added), the statement was referring to the specificity of the challenge rather than requiring the veteran to submit evidence that is within the control of the VA.

Francway contends that *Rizzo* held that the veteran bears the burden of persuasion, or at least production, of showing that the examiner was incompetent. The only support for that contention is a quote in *Rizzo* from the Veterans Court's decision in *Cox v. Nicholson*, 20 Vet. App. 563 (2007): "[T]he appellant bears the burden of persuasion on appeals to th[e Veterans] Court to show that such reliance

was in error." *Rizzo*, 580 F.3d at 1290–91 (quoting *Cox*, 20 Vet. App. at 569). First, the Veterans Court's language in *Cox* that Francway cites concerned the veteran's burden on appeal to show prejudicial error with the Board's decision and did not concern which party bears the initial burden of demonstrating the examiner's competence or lack thereof. Second, although the presumption of competency is based on *Rizzo* and subsequent cases from our court, those cases did not place the burden of persuasion or evidentiary production on the veteran, as discussed above.

The presumption of competency requires nothing more than is required for veteran claimants in other contexts—simply a requirement that the veteran raise the issue. The Supreme Court has implicitly recognized that the veteran bears such a burden of raising an issue in *Shinseki v. Sanders*, 556 U.S. 396 (2009). There, the Supreme Court noted the burden placed on the claimant in ordinary litigation to raise an issue and establish prejudicial error. *Id.* at 410. When the Court held that the veteran bears the burden of showing prejudicial error, it necessarily assumed that the veteran bears the burden of raising the claim of error in the first instance. *See id.*; s*ee also, e.g., Comer v. Peake*, 552 F.3d 1362, 1368 (Fed. Cir. 2009) ("[A] veteran is obligated to raise an issue in a notice of disagreement if he wishes to preserve his right to assert that issue on appeal . . . ."). There is nothing in the statute or its interpretation that relieves the veteran from the obligation to raise an issue in the first instance in the general run of cases.[2]

---

[2]  We do not address the applicability of the presumption of competency in cases where the veteran did not challenge the examiner's competence, but the record independently demonstrates an irregularity in the process of selecting the examiner. *See* VA Br. at 36 (citing *Wise v.*

Here, once the veteran raises a challenge to the competency of the medical examiner, the presumption has no further effect, and, just as in typical litigation, the side presenting the expert (here the VA) must satisfy its burden of persuasion as to the examiner's qualifications. The Board must then make factual findings regarding the qualifications and provide reasons and bases for concluding whether or not the medical examiner was competent to provide the opinion. 38 U.S.C. § 7104(d).

Since the veteran is obligated to raise the issue in the first instance, the veteran must have the ability to secure from the VA the information necessary to raise the competency challenge. Once the request is made for information as to the competency of the examiner, the veteran has the right, absent unusual circumstances, to the curriculum vitae and other information about qualifications of a medical examiner. This is mandated by the VA's duty to assist. *See* 38 U.S.C. § 5103A; *Harris v. Shinseki*, 704 F.3d 946, 948 (Fed. Cir. 2013) (collecting cases).

The VA agrees with this interpretation of the presumption of competency and the VA's duties. At oral argument, the VA agreed that "[the presumption] is not an evidentiary burden, it's kind of a burden to request [the examiner's qualifications]." Oral Arg. at 25:34–38. The VA also recognized its burden to "substantively respond" to the veteran's challenge "[o]nce the veteran [sufficiently] raises the issue" and that after a challenge is raised "the VA can't come in [to the Board] and say we're entitled to the presumption that this person is competent and you have to assume he is competent." Oral Arg. at 32:29–42. Then, as the VA notes, the Board has to "make a decision as to whether the medical officer was actually competent and provide

*Shinseki*, 26 Vet. App. 517 (2014)) (conceding that the presumption would not apply in such a situation).

reasons and bases explaining that decision." Oral Arg. 28:50–29:02.

## II

Francway alternatively contends that his brief to the Board sufficiently raised the issue of the medical examiner's competency because it broadly argued that the medical examinations and opinions were inadequate. But "whether an examiner is competent and whether he has rendered an adequate exam are two separate inquiries." *Mathis v. McDonald*, 834 F.3d 1347, 1351 (Fed. Cir. 2016) (Hughes, J., concurring in denial of rehearing en banc). The Veterans Court found that Francway had not raised the competency issue with sufficient clarity to the Board. Based on the proper understanding of the presumption of competency described above, we find no legal error with the Veterans Court's decision, and we lack jurisdiction to determine whether the Veterans Court's decision is correct as a factual matter.

## III

Francway separately contends that this case is distinguishable because the issue of the examiner's competency arose in the context of a remand order from the Board requiring an "appropriate medical specialist." In such a situation, Francway argues that the Board cannot presume the competency of the selected examiner in a specialty because the presumption is one of general medical competence not one regarding an examiner's expertise in various specialties.

We see no reason to distinguish between how the presumption applies to "general" medical examiners as compared to "specialists." The presumption is that the VA has properly chosen an examiner who is qualified to provide competent medical evidence in a particular case absent a challenge by the veteran. *Parks*, 716 F.3d at 585; 38 C.F.R. § 3.159(c)(4). Here, as noted above, Francway did not raise

the issue of the medical examiner's competence before the Board so the presumption applies. Thus, we see no legal error in the Veterans Court's decision affirming the Board's denial of Francway's claim to compensation for his back injury.

## CONCLUSION

Because Francway did not challenge the medical examiner's qualifications before the Board, which is all that the presumption of competency requires, we do not find legal error with the Veterans Court's decision.

## **AFFIRMED**

## COSTS

No costs.