NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JANICE M. AUSTIN,**
*Claimant-Appellant*

v.

**ROBERT WILKIE, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2019-1993

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 18-531, Judge Amanda L. Meredith.

---

Decided: December 4, 2019

---

JANICE M. AUSTIN, Lake Wales, FL, pro se.

MARGARET JANTZEN, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by JOSEPH H. HUNT, MARTIN F. HOCKEY, JR., ROBERT EDWARD KIRSCHMAN, JR.; CHRISTINA LYNN GREGG, Y. KEN LEE, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

---

Before REYNA, WALLACH, and HUGHES, *Circuit Judges.*

PER CURIAM.

Appellant Janice M. Austin appeals a decision from the U.S. Court of Appeals for Veterans Claims ("Veterans Court"), which affirmed the Board of Veterans' Appeals' ("Board") denial of service-connected death benefits for her late husband, George Austin, who passed away due to esophageal cancer. *Austin v. Wilkie*, No. 18-531, 2019 WL 1436874, at \*4 (Vet. App. Mar. 29, 2019). Because we lack jurisdiction, we dismiss.

## DISCUSSION

### I. Standard of Review and Legal Standard

"The jurisdiction of this court to review decisions of the Veterans Court is limited by statute." *Gazelle v. Shulkin*, 868 F.3d 1006, 1009 (Fed. Cir. 2017) (citation omitted). We may "review and decide any challenge to the validity of any statute or regulation or any interpretation thereof . . . and . . . interpret constitutional and statutory provisions, to the extent presented and necessary to a decision." 38 U.S.C. § 7292(c) (2012). Absent a constitutional issue, we lack subject matter jurisdiction over an appeal that raises "(A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." *Id.* § 7292(d)(2); *see Wanless v. Shinseki,* 618 F.3d 1333, 1336 (Fed. Cir. 2010).

### II. We Lack Jurisdiction over Ms. Austin's Appeal

Ms. Austin's appeal involves neither the interpretation of a statute or regulation nor a constitutional issue; instead, Ms. Austin challenges only factual determinations that we may not review. *See* Appellant's Br. 1–2. First, Ms. Austin contends that the Veterans Court incorrectly rejected the "causative factors" linking an "exposure to Agent Orange/Dioxin and esophageal cancer and related illness." *Id.* at 1. Mr. Austin, a U.S. Army veteran who served in the Vietnam died in 2000 of metastatic esophageal cancer, with underlying causes of renal failure secondary to cisplatin. *Austin*, 2019 WL 1436874, at \*1. There is no presumptive service connection for esophageal cancer based on exposure to herbicide agents during the Vietnam

War. *See* 38 U.S.C. § 1116(a)(1) (granting a presumptive service connection for certain diseases for veterans who served in the Vietnam War), *id.* § 1116(a)(2) (listing diseases that qualify for the presumptive service connection, not including esophageal cancer).[1] To the extent that Ms. Austin seeks review of the determination that there was no causal connection between Mr. Austin's esophageal cancer and his exposure to Agent Orange, it is a factual determination that cannot be disturbed by this court. *Id.* § 7292(d)(2); *see Prinkey v. Shinseki*, 735 F.3d 1375, 1382 (Fed. Cir. 2013) (explaining that we "[have] no power to resolve any factual dispute in a case decided by the Veterans Court").[2]

Second, Ms. Austin argues that the medical expert failed to meet "requirements through qualified knowledge" to provide testimony. *See* Appellant's Br. 1, *see also id.* (averring that the medical expert's testimony should be stricken as the expert failed to have the requisite "education, experience, [or] . . . practic[e]"). To the extent that Ms. Austin seeks to challenge the medical examiner's

---

[1] For the purposes of § 1116, an "herbicide agent" "means a chemical in an herbicide used" during the Vietnam War, 38 U.S.C. § 1116(a)(3), including Agent Orange, *see Procopio v. Wilkie*, 913 F.3d 1371, 1373 (Fed. Cir. 2019).

[2] Mr. Austin was also diagnosed with diabetes mellitus type II, *see* Appellee's App. 105, a disease which is included in the list of diseases qualifying for the presumptive service connection, *see* 38 U.S.C. § 1116(a)(2)(H). The Veterans Court affirmed the Board's finding that esophageal cancer was the cause of Mr. Austin's death. *See Austin*, 2019 WL 1436874, at *1. To the extent that Ms. Austin contends that the Veterans Court erred in failing to grant the presumption for Mr. Austin's death on those grounds, *see* Appellant's Br. 2 (seeking a grant of service connection for Mr. Austin's death from due to both "esophageal cancer . . . [and] *Diabetes Mellitus II*" (emphasis added)), the cause of death is a factual finding and not properly before us, *see Prinkey*, 735 F.3d at 1382.

competency or credibility, we lack the jurisdiction to address the argument, as it was not raised before the Board. *See Francway v. Wilkie*, 940 F.3d 1304, 1307 n.1 (Fed. Cir. 2019) (en banc) (providing that we do not have jurisdiction to review medical examiner competency where the veteran failed to raise that issue before the Board).[3]

## CONCLUSION

We do not have jurisdiction to review this appeal. Accordingly, Ms. Austin's appeal from the U.S. Court of Appeals for Veterans Claims is

## DISMISSED

### COSTS

No costs.

---

[3] To support this argument, Ms. Austin relies upon the Veterans' Dioxin and Radiation Exposure Compensation Standards Act. *See* Appellant's Br. 2; *see also* 38 U.S.C. § 5107(b) (requiring the VA to "consider all information and law and medical evidence of record in a case before the Secretary with respect to benefits under [VA] laws"). Section 5107(b) does not apply in cases where the Board has ruled against a veteran's benefit claim by a preponderance of the evidence, *see Ortiz v. Principi*, 274 F.3d 1361, 1364 (Fed. Cir. 2001) ("[T]he benefit of the doubt rule [§ 5107(b)] is inapplicable when the preponderance of the evidence is found to be against the claimant."), as occurred here, *see* Appellee's App. 22.