NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ERIC JEROME HOLLINS,**

*Claimant-Appellant*

**v.**

**ROBERT WILKIE, SECRETARY OF VETERANS AFFAIRS,**

*Respondent-Appellee*

---

2020-1813

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 18-6555, Judge Coral Wong Pietsch.

---

Decided:  October 13, 2020

---

ERIC JEROME HOLLINS, Bastrop, LA, pro se.

ALISON VICKS, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee.  Also represented by JEFFREY B. CLARK, ROBERT EDWARD KIRSCHMAN, JR., LOREN MISHA PREHEIM; BRANDON A. JONAS, Y. KEN LEE, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

––––––––––––––––––––

Before NEWMAN, DYK, and TARANTO, *Circuit Judges.*

PER CURIAM.

Eric Jerome Hollins appeals the decision of the United States Court of Appeals for Veterans Claims ("Veterans Court") that affirmed a decision of the Board of Veterans' Appeals ("Board"), denying him entitlement to service connection for diabetes. Because we lack jurisdiction to review the issue Mr. Hollins appears to raise in this appeal, we *dismiss*.

## BACKGROUND

Mr. Hollins served on active duty in the Navy from April 1991 to February 1995. He also served on several short periods of active duty for training between 1996 and April 2003. During his periods of active duty, Mr. Hollins's medical examinations, including for blood sugar, were normal. For example, in November 2001, Mr. Hollins's blood work showed a blood sugar level of 93, which is within the normal range of 70 to 108.

In November 2003, Mr. Hollins was diagnosed with diabetes. Mr. Hollins filed a claim for service connection for type 2 diabetes mellitus in February 2004 with the Department of Veterans Affairs ("VA"). In support of his claim, he submitted various records. After review of his submission, a VA regional office ("RO") denied his claim, finding that the evidence did not show that his diabetes was related to his service. A series of appeals and remands followed, during which the Board repeatedly ordered the RO to supplement Mr. Hollins's record.

The series of remands uncovered several facts. For example, at a Board hearing, Mr. Hollins testified that his diabetes may have been caused by environmental hazards while deployed to Southwest Asia. After this testimony,

the RO received a military records specialist memorandum that stated that Mr. Hollins was not deployed aboard any naval vessels after 1995 and that, prior to 1995, Mr. Hollins was deployed aboard the USS *Kitty Hawk*, which did not dock in Southwest Asia during his service. Mr. Hollins also underwent several VA examinations during the remands. At his third and final VA examination, the examiner concluded that Mr. Hollins was first diagnosed with diabetes in November 2003 and that there was no objective evidence that Mr. Hollins had diabetes during his active duty training service period. The examiner also noted that, according to Mr. Hollins's service records, Mr. Hollins could not have been exposed to environmental hazards while deployed on the USS *Kitty Hawk* because that ship did not dock in Southwest Asia during his service. Given this record, the RO denied Mr. Hollins's claim, and he appealed to the Board.

On July 31, 2018, the Board issued a final decision that denied Mr. Hollins's entitlement to VA benefits for diabetes. After weighing the evidence, the Board concluded that Mr. Hollins's diabetes "was neither incurred in nor aggravated" by his active duty service or by any of his active duty training periods. J.A. 10. The Board also found that Mr. Hollins's assertions were "contradicted by the objective medical record" and "the opinions of three VA examiners." *Id.* at 11. It credited the opinions of the three examiners as "competent, credible, and entitled to significant weight." *Id.* at 12. The Board also noted that the only contrary evidence (outside of Mr. Hollins's lay statements) was the testimony from his mother, a registered nurse, stating that her son appeared to begin suffering from diabetes following his active duty service. Although the Board found his mother's testimony credible, it concluded that her testimony was "contradicted by the opinions of the three VA examiners and the objective medical evidence of record." *Id.* Mr. Hollins then appealed to the Veterans Court.

The Veterans Court affirmed the Board's findings, concluding that Mr. Hollins "ha[d] failed to point to any evidence demonstrating that the Board erred in finding that his diabetes did not have its onset during his active duty or periods of active duty for training." *Id.* at 7. The court noted that Mr. Hollins did not identify any other records that the VA failed to obtain and that, given the evidence that the USS *Kitty Hawk* never docked in Southwest Asia, it was "unclear how there would be any records of treatment" for conditions related to environmental hazards in that area. *Id.* Mr. Hollins appealed to this court.

## DISCUSSION

We have limited jurisdiction to review decisions by the Veterans Court. *Wanless v. Shinseki*, 618 F.3d 1333, 1336 (Fed. Cir. 2010). We have exclusive jurisdiction to review and decide any challenge to the validity of any statute or regulation or any interpretation thereof and to interpret constitutional and statutory provisions, to the extent presented and necessary to a decision. 38 U.S.C. § 7292(c). We cannot, however, review "a challenge to a factual determination" or "a challenge to a law or regulation as applied to the facts of a particular case" absent a constitutional issue. *Id.* § 7292(d)(2); *Bastien v. Shinseki*, 599 F.3d 1301, 1306 (Fed. Cir. 2010) ("The evaluation and weighing of evidence and the drawing of appropriate inferences from it are factual determinations committed to the discretion of the fact-finder. We lack jurisdiction to review these determinations."), *overruled on other grounds by Francway v. Wilkie*, 940 F.3d 1304 (Fed. Cir. 2019).

It is unclear what exactly Mr. Hollins challenges on this appeal. According to his informal brief, Mr. Hollins does not challenge the Veterans Court's decision as it relates to the validity or interpretation of a statute or regulation or a constitutional issue. Nor could he. In its

opinion, the Veterans Court did not interpret any statutes or regulations or decide any constitutional issues.

The only argument that Mr. Hollins appears to make is that his medical records from his deployment to Southwest Asia were not secured and included in his record before the Board. The Veterans Court, however, concluded that Mr. Hollins had shown no error in the Board's findings of fact, including that Mr. Hollins's only service on board a ship was on the USS *Kitty Hawk*, which did not dock anywhere in Southwest Asia, and that, as a result, his service on that ship could not have exposed him to any environmental hazards in that area. To the extent Mr. Hollins disputes the factual determinations made by the Veterans Court and the Board, this court is without jurisdiction to review those factual determinations. *See* 38 U.S.C. § 7292(d)(2); *Saunders v. Wilkie*, 886 F.3d 1356, 1360 (Fed. Cir. 2018) ("Absent a constitutional issue, . . . we lack jurisdiction to review factual determinations or the application of law to the particular facts of an appeal from the Veterans Court.").

Accordingly, we dismiss Mr. Hollins's appeal for lack of jurisdiction.

## DISMISSED

### COSTS

No costs.