NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ARTHUR P. CORMIER,**
*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2021-1170

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 19-5151, Judge Joseph L. Falvey Jr.

---

Decided:  June 29, 2021

---

MARK DELPHIN, Delphin Law Office, Lake Charles, LA, for claimant-appellant.

KYLE SHANE BECKRICH, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee.  Also represented by BRIAN M. BOYNTON, ROBERT EDWARD KIRSCHMAN, JR., LOREN MISHA PREHEIM; BRIAN D. GRIFFIN, JULIE HONAN,

Office of General Counsel, United States Department of Veterans Affairs, Washington DC.

———————————

Before MOORE, *Chief Judge*, SCHALL and O'MALLEY, *Circuit Judges.*

SCHALL, *Circuit Judge.*

## DECISION

Arthur P. Cormier appeals the decision of the United States Court of Appeals for Veterans Claims ("Veterans Court") in *Cormier v. Wilkie*, No. 19-5151 (Vet. App. Jan. 13, 2020), J.A. 1. In its decision, the Veterans Court affirmed the June 27, 2019 decision of the Board of Veterans' Appeals ("Board") that denied Mr. Cormier benefits for myelodysplastic syndrome ("MDS"), also claimed as leukemia, from exposure to herbicides. *Id.*[1] For the reasons stated below, we *affirm*.

## DISCUSSION

### I.

The pertinent facts are set forth in the decision of the Veterans Court. Mr. Cormier is a Navy veteran. He served on active duty from 1965 until 1969. J.A. 1. During service, his ship was anchored at Cam Rahm Bay in Vietnam, and he took occasional trips ashore. *Id.* Because he was present on land and in the waters of Vietnam, he is presumed to have been exposed to Agent Orange. *Id.* at 1–2.

In March 2018, Mr. Cormier filed a claim with the Department of Veterans Affairs ("VA") for benefits based on

———————————

[1] MDS is "any of a group of related bone marrow disorders of varying duration preceding the development of overt acute myelogenous leukemia." J.A. 2 (quoting Dorland's Illustrated Medical Dictionary 1840 (32d ed. 2012)).

"leukemia due to Agent Orange." J.A. 2 (quoting J.A. 85). In May 2018, Brannon Sims, a VA nurse practitioner, diagnosed Mr. Cormier with MDS. *Id.* Mr. Sims stated that Mr. Cormier had been diagnosed with leukemia in January 2018 and that his condition was active and required chemotherapy. *Id.*

In August 2018, Mr. Cormier submitted a medical opinion from his private physician, Dr. Christopher Snead. Dr. Snead stated that Mr. Cormier had been diagnosed with MDS. *Id.*; J.A. 31.

In September 2018, the VA obtained another examination from Mr. Sims. Addressing MDS, Mr. Sims stated that Mr. Cormier's condition was "at least as likely as not due to the Agent Orange exposure during [the] Vietnam War." J.A. 2 (quoting J.A. 56). As a rationale for his opinion, Mr. Sims stated that "[t]here is evidence to support a connection between Agent Orange exposure and [MDS]." *Id.* (quoting J.A. 56). In addition, Mr. Sims noted "documented court cases of other [veterans] being granted service connection for MDS." *Id.* (quoting J.A. 56). In making this statement, Mr. Sims referred to an article provided by Mr. Cormier titled "Agent Orange, United States Military Veterans, and [MDS]" ("AAMDS article"). *Id.*; J.A. 59–66. That article notes a connection between MDS and veterans who served in Vietnam. J.A. 2; *see* J.A. 62–63.

In November 2018, the VA regional office denied Mr. Cormier's claim, and after a Statement of the Case was issued, Mr. Cormier appealed to the Board. J.A. 2–3. In connection with his appeal, Mr. Cormier submitted a 2019 medical opinion of Dr. Andrew Dalovisio. Dr. Dalovisio stated that Mr. Cormier was under his care for treatment of MDS and that there was "a mounting body of evidence" that Mr. Cormier's previous exposure to Agent Orange could have contributed to Mr. Cormier developing MDS. J.A. 3 (quoting J.A. 30).

In February 2019, the VA obtained an advisory medical opinion from Dr. Martin Carroll, a VA attending physician. In his opinion, Dr. Carroll stated that it was not more likely "than otherwise" that Mr. Cormier's MDS was "associated with Agent Orange exposure." J.A. 3; J.A. 29. Dr. Carroll further stated that "[t]he epidemiologic data do not support this association," and "[t]here are no features of [Mr. Cormier's] disease that would make me think this is not more likely a spontaneous case of MDS[,] which often develops in individuals in this age group." J.A. 3. Addressing the AAMDS article, Dr. Carroll opined that the article was "highly speculative and inappropriate." *Id.* Dr. Carroll stated that he did not find any evidence in the article that objectively supported an association between Agent Orange and MDS, and, he added, "decades of research by the US military and the Veterans Administration have not shown an association between Agent Orange and [MDS]." J.A. 3; J.A. 29.

In its June 27, 2019 decision, the Board denied benefits for MDS. First, the Board found that Mr. Cormier did not have leukemia. J.A. 21. The Board acknowledged Mr. Sims's reference to an earlier leukemia diagnosis and another medical record that noted the presence of B-cells (Mr. Cormier was alleged to have B-cell leukemia). The Board found, however, that these references were outweighed by the rest of the medical evidence, which consistently noted diagnoses of MDS and not leukemia. *Id.*

Second, the Board determined that "the preponderance of the evidence is against a finding of a nexus between [Mr. Cormier's] service and his MDS, [including] exposure to herbicides." J.A. 26. The Board stated that Mr. Sims's and Dr. Dalovisio's opinions were entitled to little probative weight because they were not supported with proper rationales. J.A. 25. It found that Dr. Carroll's advisory opinion was most probative because it was "supported by well-reasoned rationale, which included addressing the AAMDS

article that [Mr. Cormier] proffered in support of his claim." J.A. 26.

Following the Board's decision, Mr. Cormier appealed to the Veterans Court. As noted, the court affirmed the decision of the Board. In so doing, the court rejected Mr. Cormier's argument that the evidence either preponderated in his favor or was evenly balanced. In the latter case, the court would have been required to apply the benefit of the doubt rule. J.A. 7. Under that rule "[w]hen there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, the Secretary shall give the benefit of the doubt to the claimant." 38 U.S.C. § 5107(b). The court determined that "because the Board properly found that the evidence preponderated against the veteran's claim, the benefit of the doubt rule was not for application." J.A. 7. The Veterans Court also rejected Mr. Cormier's challenge to the Board's weighing of the evidence and its explanations with respect thereto. J.A. 5–7.

Following the Veterans Court's affirmance of the Board's decision, Mr. Cormier appealed. We have jurisdiction pursuant to 38 U.S.C. § 7292.

## II.

Our jurisdiction to review decisions of the Veterans Court is limited. *Wanless v. Shinseki*, 618 F.3d 1333, 1336 (Fed. Cir. 2010). We have jurisdiction to consider only legal issues raised by a Veterans Court decision, not "a challenge to a factual determination" or "a challenge to a law or regulation as applied to the facts of a particular case," except to the extent that an appeal presents a constitutional issue. 38 U.S.C. § 7292(d)(1), (2).

## III.

Mr. Cormier's first argument on appeal is that both the Board and the Veterans Court erred as a matter of law in failing to apply the benefit of the doubt rule. Mr. Cormier

states that the "crucial" error on the part of the Board and the Veterans Court was their finding that the evidence preponderated in favor of the Secretary. Appellant's Br. 9. Mr. Cormier contends that, in fact, the evidence weighed in his favor, or at least was in equipoise. *See id.* at 10–18. What Mr. Cormier is asking us to do, however, is review the findings of fact in this case or the application of law to the facts. This is an argument clearly beyond our jurisdiction.

Mr. Cormier's second argument on appeal is that his case should be remanded to the VA for the reception of additional evidence because he did not receive the proper benefit of the duty to assist.[2] According to Mr. Cormier, upon receipt of the records from his treating doctors and the AAMDS article, the VA "had an obligation to inform him that other medical reports and studies were needed." Appellant's Br. 21. He then cites eight Board decisions pertaining to other veterans that, he asserts, demonstrate that the Board "knows" that MDS has a nexus with Agent Orange. *Id.* at 24. Mr. Cormier argues that the VA's duty to assist required that it "give [him] any information that the VA itself had in its possession" that was relied upon to award benefits in these other cases. *Id.* The Secretary responds by citing nine Board decisions that denied service connection for the same condition despite acknowledged Agent Orange exposure. Appellee's Br. 27–28. The Secretary states that it "[t]hus, . . . is not the case that the [B]oard always grants service connection for MDS when there is evidence of exposure to Agent Orange." *Id.* at 28.

---

[2]    The VA has a duty to assist veterans in developing their claims under 38 U.S.C. § 5103A(a)(1) ("The Secretary shall make reasonable efforts to assist a claimant in obtaining evidence necessary to substantiate the claimant's claim for a benefit under a law administered by the Secretary.").

We have jurisdiction to review legal questions concerning the scope of the VA's duty to assist under 38 U.S.C. § 5103A. *Beasley v. Shinseki*, 709 F.3d 1154, 1157 (Fed. Cir. 2013). We reject Mr. Cormier's argument, however. Section 5103A(a)(1) requires that the Secretary make "reasonable efforts" to assist a claimant in obtaining evidence necessary to substantiate his or her claim. In that regard, contrary to Mr. Cormier's assertions, it appears that the VA notified Mr. Cormier of what was needed to substantiate his claim and that he was given, and took advantage of, multiple opportunities to submit supporting documents. Moreover, "[t]he duty to assist is not boundless in its scope." *Golz v. Shinseki*, 590 F.3d 1317, 1320 (Fed. Cir. 2010). Mr. Cormier cites no statutory, regulatory, or rule of law basis for his argument that the VA must provide him information, such as scientific data, pertaining to, or underlying, Board decisions that granted benefits in other veterans' cases. Because MDS is not on the list for of diseases for presumptive service connection based on Agent Orange exposure, 38 U.S.C. § 1116, 38 C.F.R. § 3.309(e), Mr. Cormier's claim can only be analyzed under the fact-intensive, case-by-case basis for direct service connection. *See Combee v. Brown*, 34 F.3d 1039, 1043–44 (Fed. Cir. 1994). The eight decisions Mr. Cormier cites are not precedential and are thus "binding only with regard to the specific case decided." 38 C.F.R. § 20.1303.[3] Finally, to the

---

[3]    That is not to say that the Board may never consider its decisions pertaining to other veterans. Section 20.1303 specifically provides that although "each case presented to the Board will be decided on the basis of the individual facts of the case in light of applicable procedure and substantive law," "[p]rior decisions in other appeals may be considered in a case to the extent that they reasonably relate to the case." Though in this case there is no error that we have the power to correct, we cannot help but note that the Board has confronted at least 17 cases regarding

extent Mr. Cormier's argument could be construed as asking us to review the application of the law relating to the duty to assist to the facts of his case, Mr. Cormier is presenting an argument clearly beyond our jurisdiction.

Lastly, focusing upon the opinion of Dr. Carroll, Mr. Cormier argues that the Federal Circuit should abandon the "presumption of competency" attributed to VA medical examiners. *See Mathis v. McDonald*, 834 F.3d 1347 (Fed. Cir. 2016); *Mathis v. McDonald*, 643 F. App'x 968 (Fed. Cir. 2016). However, Mr. Cormier did not raise a challenge to Dr. Carroll's competency before the Board, and the Veterans Court decision did not address the issue. We therefore will not consider it. *See Francway v. Wilkie*, 940 F.3d 1304, 1307–09 (Fed. Cir. 2019); *Emenaker v. Peake*, 551 F.3d 1332, 1337 (Fed. Cir. 2008); *see also Fears v. Wilkie*, 843 F. App'x 256, 262 (Fed. Cir. 2021) (rejecting the argument that a veteran who was not represented by counsel before the Board should not be required to have raised a competency challenge before the Board).

We have considered Mr. Cormier's additional arguments and have found them to be without merit.

## CONCLUSION

For the reasons set forth above, we affirm the decision of the Veterans Court.

## **AFFIRMED**

### COSTS

No costs.

---

whether Agent Orange exposure causes MDS and in those cases has split down the middle.