Citation Nr: AXXXXXXXX
Decision Date: 07/30/21 Archive Date: 07/30/21

DOCKET NO. 200506-82482
DATE: July 30, 2021

ORDER

Entitlement to a compensable evaluation for service-connected allergic rhinitis is denied.

FINDING OF FACT

The probative medical evidence of record shows that the Veteran does not have a greater than 50-percent obstruction on both sides of her nasal passages or complete obstruction of the nasal passages on either side, or polyps.

CONCLUSION OF LAW

The criteria for a compensable rating for allergic rhinitis have not been met. 38 U.S.C. §§ 1155, 5107; 38 C.F.R. §§ 4.1-4.14, 4.21, 4.96, 4.97, Diagnostic Code 6522.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran had active duty service from June 1998 to August 1999 and from February 2000 to February 2004.

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, also known as the Appeals Modernization Act (AMA). That law creates a new framework for Veterans dissatisfied with VA's decision on their claim to seek review. The AMA became effective on February 19, 2019. The substantive laws and regulations applicable to the claimed benefits for an increased rating, as cited to in this Board decision, have not changed with the AMA. 

In an April 2020 rating decision, a Department of Veterans Affairs (VA) Regional Office (RO) granted service connection for allergic rhinitis with a noncompensable rating. The Board received VA Form 10182 (Board Appeal: Notice of Disagreement) in May 2020 from the Veteran, which reflects that she selected the Direct Review by a Veterans Law Judge (VLJ) option. Direct review is the appeal option to the Board in which a Board decision is issued based on evidence of record at the time of the prior decision. The Board cannot hold a hearing or accept into the record additional evidence in its direct review; the VLJ considers the same record as the AOJ in rendering a decision.

The Boards notes that evidence was added to the claims file during a period of time when new evidence was not allowed. This includes VA medical records and VA examinations. However, because this evidence was added to the claims file after the rating decision, and because the Veteran elected the direct review option, and, in accordance with the modernized review system, the Board can consider only the evidence of record at the time of the April 2020 rating decision, which is the subject of this appeal for direct review. Therefore, the Board may not consider any additional evidence. See 38 C.F.R. § 20.300. The Veteran may file a Supplemental Claim and submit or identify this evidence. See 38 C.F.R. § 3.2501. If the evidence is new and relevant, VA will issue another decision on the claim, considering the new evidence in addition to the evidence previously considered. Specific instructions for filing a Supplemental Claim are included with this decision.

Here, the Veteran seeks a compensable rating for her service-connected allergic rhinitis. 

Disability ratings are determined by applying the criteria established in VA's Schedule for Rating Disabilities, which is based upon the average impairment of earning capacity. Individual disabilities are assigned separate Diagnostic Codes. See 38 U.S.C. § 1155; 38 C.F.R. §§ 4.1, 4.20. Where there is a question as to which of two evaluations shall be applied under a particular Diagnostic Code, the higher evaluation is assigned if the disability more nearly approximates the criteria for the higher rating; otherwise, the lower rating will be assigned. See 38 C.F.R. § 4.7. After careful consideration of the evidence, any reasonable doubt remaining is resolved in favor of the claimant. See 38 C.F.R. § 4.3.

Staged ratings are appropriate for an increased rating claim when the factual findings show distinct time periods where the service-connected disability exhibits symptoms that would warrant different ratings. Hart v. Mansfield, 21 Vet. App. 505 (2007) (citing Fenderson v. West, 12 Vet. App. 119, 126 (1999)).

The Veteran contends that her allergic rhinitis is warranted a compensable disability rating. Currently, her allergic rhinitis is rated under Diagnostic Code (DC) 6522 of the General Rating Formula governing Diseases of the Nose and Throat. See 38 C.F.R. § 4.97. Under DC 6522, a 10 percent rating is warranted for allergic rhinitis without polyps, but with greater than 50-percent obstruction of nasal passage on both sides or complete obstruction on one side. A 30 percent rating is warranted for allergic rhinitis with polyps. Id. In every instance where the schedule does not provide a zero percent rating for a diagnostic code, a zero percent rating shall be assigned when the requirements for a compensable rating are not met. See 38 C.F.R. § 4.31.

Based on the available evidence, the Board concludes that the noncompensable rating granted in the April 2020 rating decision is correct. However, the Veteran is asserting that incorrect facts were in front of the RO as a result of a faulty examination. Specifically, the Veteran contends that the examination report provided by the examiner who conducted the March 2020 VA examination was inaccurate. According to the Veteran, the examiner marked "no" to her having nasal polyps but she stated in the 2021 notice of disagreement that the examiner told her that she did, in fact, have nasal polyps.

Generally, if VA has provided an examination, VA must ensure that the exam is adequate. Barr v. Nicholson, 21 Vet. App. 303, 311-12 (2007) (holding that once VA undertakes the effort to provide an examination when developing a claim, even if not statutorily obligated to do so, VA must ensure that the examination provided is adequate).

In this case, the Board finds the 2020 VA allergic rhinitis examination was adequate, as it was predicated on a review of the Veteran's medical history as well as on a detailed, in-person VA examination. It fully addresses the rating criteria that are relevant to the rating criteria for allergic rhinitis as discussed above. See 38 C.F.R. § 4.85, DC 6522.

Moreover, the RO considered the facts as known at the time of the decision. The Veteran asserts that the examination report has alleged inadequacies, and reasonable minds can differ on how to weigh different evidence. However, in this case, there is no other evidence to the contrary; the VA medical records were reviewed and considered and there was no mention of the Veteran's allergic rhinitis causing nasal polyps or having obstruction in her nasal passages. Rather, the evidence consistently shows that she has symptoms requiring her to use nasal spray but nothing mentioning or even implying the possibility of obstructed nasal passages or nasal polyps. 

Therefore, a new VA examination to rate the severity of her service-connected allergic rhinitis is not warranted, as there is adequate medical evidence of record to make a determination for the allergic rhinitis increased rating issue in this case. See 38 C.F.R. §§ 3.326, 3.327(a). The Board emphasizes that the 2020 VA examination is adequate. The VA examiner provided testing that was adequate for the proper application of the rating criteria for allergic rhinitis. In addition to dictating objective test results, the VA examiner addressed the functional impact of the Veteran's allergic rhinitis. Thus, there is adequate medical evidence of record to make a determination for the increased rating issue in this case. While the Veteran disagrees with what the examiner recorded in the report, that does not make it inadequate, especially here where there is no other evidence contradicting the findings in the report.

In addition, whether a VA examiner is competent and whether he has rendered an adequate exam are two separate inquiries. Mathis v. McDonald, 834 F.3d 1347, 1351 (Fed. Cir. 2016). Although there is no longer a presumption of competence for VA examiners, the Federal Circuit Court has held a veteran nevertheless is required to specifically challenge a VA examiner's competence in the first instance, before VA is required to present evidence of the examiner's professional qualifications in order to rebut this challenge. Francway v. Wilkie, 940 F.3d 1304, 1307-09 (Fed. Cir. Oct. 15, 2019). That is, once the claimant has met this requirement and the challenge is raised, VA must satisfy its burden of persuasion as to the examiner's qualifications. Id. A limited exception to the requirement that claimants expressly challenge VA's selection of a medical examiner before the Board is where there is evidence of facially obvious issues of competence actually or constructively before the Board. Fears v. Wilkie, 31 Vet. App. 308 (2019). 

In the present case, the Veteran did not raise a specific challenge to the professional medical competence or qualifications of the 2020 VA examiner. The Veteran merely argued that the examiner told her one thing but marked off another on the examination report. She also argued that the examiner told her she should have a 10 percent rating. However, as explained in detail above, the examination with pertinent objective testing was fully adequate and conducted correctly by a licensed examiner. This is what is required by the applicable VA regulations. In addition, an examiner is not a rating specialist, and advising the Veteran that she should have 10 percent rating for her disability is not competent evidence. Further, the Veteran's lay testimony recalling what a physician told her, i.e., "hearsay medical evidence," cannot constitute actual medical evidence, as "the connection between what a physician said and the layman's account of what he purportedly said, filtered as it was through a layman's sensibilities, is simply too attenuated and inherently unreliable to constitute 'medical' evidence." Robinette v. Brown, 8 Vet. App. 69 (1995). Here, not only was the Veteran's statement that she has nasal polyps purportedly made by a physician not "medical" evidence of such, but her testimony is not supported by any of the evidence of record (see above). 

Consequently, the Board concludes that the totality of the evidence and the contemporaneous medical records, which do not indicate in any way that the Veteran has nasal polyps or obstructive nasal passages, weigh against the claim for a higher rating. 

In summary, the Board is satisfied that VA has made reasonable efforts to assist the Veteran in obtaining evidence necessary to substantiate her claim for a compensable rating for allergic rhinitis, and after reviewing the evidence of record, the Board finds that a compensable evaluation for the Veteran's allergic rhinitis is not warranted. The most credible and probative evidence is the 2020 VA examination findings of not greater than 50 percent obstruction on both sides of her nasal passages, or complete obstruction of the nasal passages, or any nasal polyps.

The Board acknowledges the Veteran's may sincerely believe that her allergic rhinitis warrants a compensable rating. She is competent in her description of the symptoms she experiences. The description of the symptoms is also credible. Nevertheless, the evidence does not show that she has greater than 50 percent obstruction of both nasal passages, or complete obstruction of one nasal passage, or the presence of polyps. Further, there is no contrary evidence of record showing the higher criteria for the Veteran's allergic rhinitis. 

As such, the Board finds the Veteran's disability picture is not more accurately described by the criteria for a compensable disability rating, and the preponderance of the evidence is against the claim for an increase. 

 

MICHELLE L. KANE

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board G.Hoy, Associate Counsel

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.