Citation Nr: AXXXXXXXX
Decision Date: 08/31/21 Archive Date: 08/31/21

DOCKET NO. 201223-128535
DATE: August 31, 2021

REMANDED

Entitlement to an initial compensable rating for hyperthyroidism is remanded.

REASONS FOR REMAND

The Veteran served on active duty from October 1960 to January 1970.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a November 2020 rating decision from the VA Regional Office. The Veteran filed a December 2020 VA Form 10182 Decision Review Request: Board Appeal (Notice of Disagreement) NOD. In the December 2020 NOD, the Veteran selected the Hearing Lane. See 38 C.F.R. §§ 20.300, 20.302 (2021). 

In light of the Veteran's choice of the Hearing Lane, the Board may only consider the evidence of record at the time of the AOJ's November 12, 2020 rating decision; evidence submitted by the Veteran or his representative at the hearing (to include the April 2021 hearing testimony itself); and finally, any evidence submitted by the Veteran or his representative within 90 days following the hearing. 38 C.F.R. § 20.302(a). 

Entitlement to an initial compensable evaluation for hyperthyroidism is remanded.

The Veteran's hyperthyroidism has been currently evaluated as noncompensable, effective May 17, 2011, under 38 C.F.R. § 4.119, Diagnostic Codes 7915-7900. 

With respect to the rating criteria, the Board finds the sole VA examination of record is inadequate to adjudicate this claim based on internal inconsistency and lack of consistency with the medical record. Specifically, although the examiner noted evidence of hyperthyroidism in 2011, they indicate the diagnosis date was in 2017, without specifying when in 2017 the Veteran was diagnosed with hyperthyroidism. See October 2020 Examination. 

The Veteran's prior medical history before the date of claim also includes hypothyroidism, but the examiner did not address this medical history. See January 2011 Medical Record; see also February 2011 Medical Record. 

The Veteran has manifested an enlarged thyroid gland during the appellate period however, this information was not addressed in the October 2020 examination report. See July 2016 Medical Record.

Here, the diagnosis date of hyperthyroidism is directly relevant to the issue on appeal. The October 2020 opinion does not provide complete rationale for the determination of 2017 as a diagnosis date or identify when in 2017 the Veteran was diagnosed with hyperthyroidism. See Nieves-Rodriguez v. Peake, 22 Vet. App. 295, 304 (2008). 

This is a pre-decisional duty to assist error requiring remand under AMA, specifically because the Veteran has not been provided an adequate VA examination. See Barr v. Nicholson, 21 Vet. App. 303 (2007). Given the lack of consistency and rationale in the October 2020 examination, the Board finds it is inadequate for adjudication purposes and an additional examination with a retrospective discussion of the Veteran's service-connected hyperthyroidism is warranted.

Finally, February 2021 and July 2021 appellate briefs assert that the Veteran's representative has not been provided with the qualifications of the examiner who provided the VA examination, although which examination is not specified. See February 2021 Correspondence; see also July 2021 Correspondence.

VA's obligations to provide information regarding the curriculum vitae and other qualifications of an examiner in connection with a disability compensation claim arise under VA's duty to assist. See 38 U.S.C. § 5103A(a)(1); Francway v. Wilkie, 940 F.3d 1304, 1308 (Fed. Cir. 2019) (en banc). Under the modernized appeals system, the duty to assist does not apply to proceedings at the Board. 38 U.S.C. § 5103A(e)(2). The Board finds the February 2021 and July 2021 requests are untimely because they were received after the November 2020 rating decision on appeal was promulgated. The Veteran may pursue this with the AOJ on remand.

This matter is REMANDED for the following action:

Schedule the Veteran for a VA examination to determine the severity of his thyroid disorder. After review of the claims folder and all the medical and lay evidence therein, including the October 2020 VA examination, the examiner should opine as to the following: When was the Veteran first diagnosed with hyperthyroidism and what symptoms were associated with this disorder during this timeframe? 

This opinion should focus on the Veteran's particular case, including VA medical records and the Veteran's post-service medical history from May 17, 2011.

a. From May 17, 2011 to December 2017, was the Veteran's hyperthyroidism manifested by tachycardia, which may be intermittent, and tremor; or continuous medication required for control?

b. From May 17, 2011 to December 2017, was the Veteran's hyperthyroidism manifested by tachycardia, tremor, and increased pulse pressure or blood pressure. 

c. From May 17, 2011 to December 2017, was the Veteran's hyperthyroidism manifested by emotional instability, tachycardia, fatigability, and increased pulse pressure or blood pressure?

d. From May 17, 2011 to December 2017, was the Veteran's hyperthyroidism manifested by thyroid enlargement, tachycardia (more than 100 beats per minute), eye involvement, muscular weakness, loss of weight, and sympathetic nervous system, cardiovascular, or gastrointestinal symptoms

Include rationale with all opinions.

The examiner should also provide an assessment of the enlargement of the thyroid, first noted in July 2016, to include an assessment of whether the Veteran has any characteristics of disfigurement.

 

 

J. B. FREEMAN

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board J. Trickey

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.